JOHN M. YOUNG *v.* STATE OF INDIANA.

[No. 1076S333. Filed December 30, 1977.
Rehearing denied March 29, 1978.]

*Phillip W. Brown, Esquire,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with the crime of first degree murder in Marion County, Indiana. The cause was venued to Shelby County, where trial resulted in a sentence of life imprisonment.

Appellant was first arrested and appeared in court on January 29, 1975, at which time he was denied bail and the case bound over to the grand jury. At that proceeding he was represented by a public defender in Marion County. The grand jury indictment for first degree murder was returned on April 28, 1975. Appellant was arraigned on May 1, 1975. He was represented by counsel at the arraignment and during all subsequent proceedings in the cause.

Appellant's sole assignment of error on appeal is that he was denied his constitutional right to assistance by counsel during the interim between the time of his arrest and bind

over to the grand jury and the time the indictment was returned. He asks this Court to broaden the application of *Kirby* v. *Illinois,* (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411, and to provide a right to counsel during the period from arrest to indictment.

The Court in *Kirby* stated that the Sixth and Fourteenth Amendment rights to counsel attach only at or after the time that the adversary judicial proceedings have been initiated against him, whether by way of formal charge, preliminary hearing, indictment, information or arraignment. This Court has held that the right to counsel attaches upon the filing of an affidavit or indictment. *Winston* v. *State,* (1975) 263 Ind. 8, 323 N.E.2d 228. Although appellant claims that he was without counsel from the time of his arrest and bind over to the grand jury until that grand jury returned its indictment, there is nothing in this record which would indicate that appellant was without counsel at any stage of his proceedings. He was represented by counsel at the time of his arrest and bind over and was again represented by counsel when he appeared in court for arraignment on the charge. There is nothing in this record to indicate any need for counsel in the interim, and more importantly there is no indication that he in fact was without counsel during this period of time. It appears from this record that appellant's constitutional rights to counsel were protected at all times by the courts involved.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 903.