**Dorothy B. CURL, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 1178S260.

Supreme Court of Indiana.

Feb. 20, 1980.

Edward D. Lewis, John M. Lewis, Seymour, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Dorothy B. Curl, was convicted by a jury of murder in the first degree, Ind.Code § 35–13–4–1 (Burns 1975), and

sentenced to prison for life. She now appeals raising the following issues:

1. Whether defendant was denied the right to testify in her own behalf;

2. Whether defendant's trial counsel denied defendant the opportunity to enter into a plea arrangement with the prosecutor;

3. Whether the verdict was supported by sufficient evidence; and

4. Whether the trial court erred in sentencing defendant to life imprisonment.

The facts most favorable to the state follow.

Defendant and Carl Jent had been living together for four months, during which time Jent severely beat defendant twice. As Jent left defendant's residence on September 16, 1977, defendant warned him not to return or she would shoot him. Defendant then loaded her son's .22 caliber rifle and placed it in a corner. The next day Lawrence Shadburn and Carl Jent arrived at defendant's house to pick up some wood paneling. Defendant was seated in the house at the kitchen table where she could see Shadburn's automobile. When Jent and Shadburn arrived, defendant grabbed the rifle and shot at Jent as he walked around the front of the car. Jent was struck just above the right ear by a bullet. He later died of this wound. Defendant told police and others at the scene that she had shot Carl Jent and that she had aimed for his head.

### I.

■ Defendant first alleges that she was denied the right to testify in her own behalf, a right secured by Ind.Const. Art. 1, § 13. As evidence of this alleged denial, defendant points to her motion to correct errors and the accompanying affidavit. The affidavit was included with the motion to correct errors because the motion was based upon evidence outside the record. Ind.R.Tr.P. 59(D). Defendant asserts that the facts therein must be accepted as true as no opposing affidavit was filed by the state. *Key v. State*, (1956) 235 Ind. 172, 132 N.E.2d 143.

However, defendant's affidavit does not set forth any facts. Her affidavit reads as follows:

"STATE OF INDIANA ) SS:
COUNTY OF MARION )

"Comes now Dorothy B. Curl, who first being duly sworn upon her oath, says:

"1. That she is the defendant herein;

"2. That she has read the foregoing Motion to Correct Errors and that the statements made in Specification # 1 thereof, and in each subparagraph thereof, are true in substance and in fact, as known to her personally.

"3. That she makes this affidavit for the purpose of attesting to the verity of the allegations of said Specification # 1, and each sub-paragraph thereof.

"Dorothy B. Curl /s/
DOROTHY B. CURL"

The relevant allegation to the truth of which defendant attests is "That defendant was denied the right to testify as a witness in her own behalf." This statement is a conclusion of law rather than a statement of fact. The only fact that can be gleaned from the statement is that presumably defendant did not testify at her trial. Defendant does not even argue facts not in the record, but which would assist our review here, in her appellate brief. A search of the record yields no evidence of defendant's willingness to testify or a stifling thereof by trial counsel or the court. At most we have here a difference over trial counsel's strategy as to putting defendant on the stand, but the record does not even reveal that. An error alleged but not disclosed by the record is not a proper subject for review. *Mendez v. State*, (1977) 267 Ind. 309, 370 N.E.2d 323.

### II.

■ Defendant's allegation that she was denied the opportunity to enter into a plea agreement with the prosecutor is raised in the same manner. However, the allegation in the motion to correct errors is not solely a conclusory statement but contains at least a bare minimum factual allegation from which we can review the issue:

"That her court-appointed counsel did not advise her of, or communicate to her prior to a few moments before the trial itself commenced, the State's offer, by plea negotiation, to permit her to plead to second degree murder instead of standing trial on the indictment for first degree murder; . . . ."

Defendant argues that she was given too short a time to consider an offer to plead guilty to second degree murder. She claims that a decision on a guilty plea is one

"that needs ample time for consultation and consideration—not to be summarily decided with a jury standing by waiting to begin the voir dire!"

If defense counsel failed to inform defendant of a plea offer, we would be compelled to reverse. *Lyles v. State*, (1978) Ind.App., 382 N.E.2d 991. However, defendant concedes that this offer was communicated to her. The defendant does not argue that she actually felt the pressure of having a short period of time to make this crucial decision. She did not communicate any such difficulty to the trial court, nor, apparently, did she communicate the same to her attorney. The facts do not warrant a conclusion that defendant was denied the opportunity to plea bargain.

### III.

Defendant contends that the verdict and judgment of the trial court are not supported by sufficient evidence with respect to one element of first degree murder; to wit: premeditation. In reviewing the sufficiency of the evidence, we will consider the evidence most favorable to the state together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Defendant asserts in her brief that premeditation cannot be found unless there is some proof that the accused pursued or stalked the victim. She also claims that premeditation is disproved by the fact that she "shot from the hip." Both of these contentions are completely without merit.

Premeditation may be inferred from the circumstances surrounding the killing. *Lee v. State*, (1977) 267 Ind. 315, 370 N.E.2d 327; *Cooper v. State*, (1974) 261 Ind. 659, 309 N.E.2d 807. Here defendant did not stalk or pursue Carl Jent, but on the day before the killing she threatened to kill him if he returned, loaded the gun, and placed it in a corner. After shooting Jent, she said that she had aimed at his head. We find substantial evidence of probative value supporting the jury's verdict and the judgment of the trial court.

### IV.

Defendant's final allegation of error is that she was improperly sentenced under the old penal code which was in effect at the time of the offense rather than under the new penal code which was in effect at the time of her conviction. We have held that, because of the language of the specific saving clause in the new criminal code, prosecutions begun prior to October 1, 1977, shall be prosecuted under the old law. *Lynk v. State*, (1979) Ind., 393 N.E.2d 751. The indictment in this case was filed with the Jackson Circuit Court on September 27, 1977. Furthermore, Acts 1977, P.L. 340, § 150(b), p. 1611, provides:

"An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law."

The law defining and setting punishment for murder in the first degree, Ind.Code § 35–13–4–1 (Burns 1975), was repealed by Acts 1976, P.L. 148, § 24, p. 816. Defendant was properly sentenced under the law as it existed at the time of the crime.

For the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.