John M. YOUNG, Petitioner-Appellant,

v.

Jack R. DUCKWORTH, Warden, et al., Respondents-Appellees.

No. 82–2302.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 1983.

Decided May 7, 1984.

John M. Young, pro se.

Ronald D. Buckler, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

This appeal from the denial of a petition for habeas corpus raises the novel question whether the Sixth Amendment, as held applicable to the states by the due process clause of the Fourteenth Amendment, requires that a state criminal conviction be set aside because the criminal defendant was not represented by counsel during the interval between his first court appearance (where the case was bound over to the grand jury) and his arraignment after he was indicted.

John Young was arrested in Alabama on suspicion of having committed a murder in Indiana, and was returned to Indiana and jailed on January 28, 1975. The next day he appeared in municipal court, represented by the public defender, and probable cause was found to bind the case over to the grand jury. See Ind.Code § 33–6–1–2(a)(6). He was indicted three months later, on April 28, and arraigned on May 1. At the arraignment he was represented by another public defender. Ten months later he was tried and convicted of first-degree murder. His conviction was affirmed, *Young v. State,* 267 Ind. 434, 370 N.E.2d 903 (1977), and after exhausting his state remedies he filed this petition for federal habeas corpus. Although the Indiana Supreme Court stated otherwise, 267 Ind. at 435, 370 N.E.2d at 904, the record shows that in the proceedings in state court the prosecution admitted that Young had not had counsel between January 29 and May 1.

■ We must first consider whether Young's constitutional right to the assistance of counsel attached when he was first brought to court after being returned to Indiana; the district court concluded that it had not, and therefore denied the petition for habeas corpus. If the only purpose of the initial hearing was to determine whether there was probable cause to detain Young, then prosecution had not begun, he had no right to the assistance of counsel, and the petition was correctly denied. See *Gerstein v. Pugh,* 420 U.S. 103, 119–23, 95 S.Ct. 854, 865–68, 43 L.Ed.2d 54 (1975). But the opposite conclusion would be required by *Coleman v. Alabama,* 399 U.S. 1, 7–10, 90 S.Ct. 1999, 2002–2004, 26 L.Ed.2d 387 (1970), if the purpose of the hearing was to determine whether there was sufficient evidence to warrant presenting the case against Young to the grand jury. See also *Moore v. Illinois,* 434 U.S. 220, 227–29, 98 S.Ct. 458, 464–65, 54 L.Ed.2d 424 (1977); *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) (plurality opinion). We think that was the real purpose of the hearing. Young had been arrested pursuant to a warrant, meaning that a determination of whether there was probable cause to arrest him had been made already by the magistrate who had issued the warrant; and the record of the hearing shows that at it Young waived his right to contest the existence of probable cause to bind him over to the jury, and not just the existence of probable cause to detain him.

■ The assistance of counsel, to be fully effective, must be continuous from the time when the prosecution begins, which we have said occurred when the initial hearing was held that resulted in Young's being bound over to the grand jury. Although criminal defendants sometimes switch counsel, a responsible lawyer will not resign—the court will not let him resign—until new counsel is appointed. But it does not follow that every lapse in representation, however brief and inconsequential, deprives a criminal defendant of his rights under the Sixth Amendment. If the lapse (though always regrettable) does not prejudice the defendant in defending

himself against the criminal charge, it does not justify nullifying his conviction.

 The focus of the proceeding in the district court was on when Young's right to the assistance of counsel arose, and no evidence was taken on whether he was prejudiced by the lapse in representation. The state would have us infer from the absence of evidence that he was not prejudiced. And indeed he may not have been. There is no indication that during the three months when he was not represented Young requested that another lawyer be appointed, or that he was questioned and gave incriminating answers, as in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), or that there was a hearing of some sort (on a motion to suppress evidence, or anything else). The state adds that we ought not assume that the lapse of representation impeded his defense, when he was indicted more than ten months before the trial began, so that the lawyer who was appointed for him at his arraignment (following the lapse in representation) had ample time to prepare for trial. The problem with the state's argument is that Young (who, incidentally, has not been represented by counsel in his habeas corpus proceeding) has had no chance to make a factual record below. It may be true that he lost nothing by not having a lawyer during the three months in question, and maybe this can be shown by affidavits, without need for a full-scale evidentiary hearing. But that is for the district court to decide in the first instance. Young must have his day in court on the question.

REVERSED AND REMANDED.