**John M. YOUNG, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 383S93.

Supreme Court of Indiana.

Nov. 9, 1984.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Petitioner (Appellant) was convicted of first degree murder, Ind.Code § 35–13–4–1 (Burns 1976) (since repealed) and was sentenced to life imprisonment. His conviction was affirmed on direct appeal by this Court on December 30, 1977. *Young v. State,* (1977) 267 Ind. 434, 370 N.E.2d 903. In 1981, Petitioner filed his petition for post conviction relief. A hearing thereon was held, and the petition was subsequently denied. Defendant's appeal from the denial of his petition raises two (2) issues for our review:

(1) Whether he was denied the effective assistance of counsel;

(2) Whether the post-conviction court failed to make specific findings of fact as required by Post Conviction Rule 1, Section 6.

### ISSUE I

Petitioner alleges that there was an offer of a plea agreement from the prosecutor's office which was not communicated to him by his attorney. We agree with the Petitioner that if his attorney failed to advise him of a plea offer made by the State, he was denied the effective assistance of counsel. *Whitacre v. State,* (1982) Ind., 442 N.E.2d 1085, 1086–87; *Harris v. State,* (1982) Ind., 437 N.E.2d 44, 45–46; *Curl v. State,* (1980) 272 Ind. 605, 607–08, 400 N.E.2d 775, 777; *Lyles v. State,* (1978) 178 Ind.App. 398, 402, 382 N.E.2d 991, 994.

Our standard of review in appeals from the denial of post conviction relief is as follows:

"Petitioner ha[s] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be dis-

turbed as being contrary to law." (citations omitted).

*Neville v. State*, (1982) Ind., 439 N.E.2d 1358, 1360. Hence, the question is whether Petitioner sustained his burden of proving that a plea offer was made by the State and that his attorney failed to communicate such offer to him. We find that he did not.

At the hearing upon the issue, Bernard P. Morley testified that he had known the Petitioner for 30 or 40 years and that Petitioner had been his employee at one time. He stated that he had had a conversation with David Millen, the deputy prosecutor who had represented the State at Petitioner's trial, in the hallway of the City-County Building in Indianapolis some time in 1981 and had asked Millen if he could recall any plea bargaining prior to Petitioner's trial, to which Millen replied that he wasn't positive and would have to check his records. When Morley was asked whether Millen had told him that an offer was made, he responded that that was what he "derived" from Millen's statement.

The Petitioner testified that Morley had visited him in prison and had told him that Millen had told him that "John would not have a life sentence if he would have accepted the plea bargain the morning before the trial started." Morley, however, did not testify to making such statement to Petitioner. Petitioner further testified that his attorney had never offered a plea bargain to him, but that he would have accepted a plea bargain if it had been offered to him. On rebuttal, however, Petitioner testified that his attorney had told him that there would possibly be a plea bargain brought on the morning before the trial was to start. He then stated that on the first morning of his trial he saw his attorney and Millen talking, although he did not know what they were discussing.

David Millen testified that he did not recall that there was ever a specific offer for a plea agreement made and that, in preparing for his testimony at the hearing on the post conviction petition, he had examined the file in the prosecutor's office on Petitioner's case and had found no information to indicate that there had been an offer made. Millen did recall having been approached by Morley in the City-County Building in the summer of 1981 and testified that he told Morley that he could not say one way or the other whether he had offered a plea agreement and that he would have to look in the file. When he did so, however, he found nothing concerning conversations regarding a plea agreement. He further testified that it was usual practice to explore the possibility of a plea agreement in the interest of judicial economy, but that Petitioner's attorney had told him that Petitioner wanted a trial. He further testified that the case was "obvious" and "strong" and that there was no necessity of a plea offer. On cross-examination he was asked, "But you're not saying there wasn't [a plea offer]?" Millen responded, "Yeah, I think I'd be willing to say that there wasn't a plea offer based upon Mr. Good's [Petitioner's attorney's] statement that there was no use to make one, uh, because Mr. Young wanted a trial."

From this record, it cannot be said that the evidence adduced at the post conviction hearing was without conflict and led only to the conclusion that a plea offer had been made but not communicated to the Petitioner. Hence, Petitioner failed to carry his burden of proof upon the issue.

## ISSUE II

Petitioner argues that the trial court failed to make specific findings of fact as required by Post Conviction Rule 1, Section 6, and that such lack of specificity makes it impossible for him to determine upon what basis the court denied his petition. We do not agree with Petitioner's characterization of the findings. The only issue presented in the post conviction petition was whether Petitioner had been denied the effective assistance of counsel as a result of his attorney's failure to inform him of a plea bargain being offered by the State. Although the findings of fact and conclusions of law could have been more specific and more appropriately labeled, it

is clear that the trial court determined either that no plea offer had been made or that he could not determine from the evidence that one had been made. In either event, Petitioner had failed in his burden to prove that one had been made to his counsel but not conveyed to him. Implicit in such a finding is the conclusion that Petitioner was not denied the effective assistance of counsel. The trial court's second "Conclusion of Law" is a finding miscast as a conclusion.

> "The Petitioner has failed to meet his burden of proof as to the allegation in his Petition for Post-Conviction Relief. The Petitioner has failed to prove by a preponderance of the evidence that a plea offer was conveyed to the Petitioner's attorney by the State of Indiana prior to the Petitioner's trial on March 16, 1976."

Nevertheless the "Findings and Conclusions," in their entirety, are sufficient to apprise this Court, and Petitioner, that he failed to prove his claim. Obviously if no plea bargain offer was conveyed to counsel he could not be found incompetent for not having relayed it to his client. *See Kruckeberg v. State*, (1984) Ind., 465 N.E.2d 1126, 1128; *Davis v. State*, (1975) 263 Ind. 327, 331–32, 330 N.E.2d 738, 741–42; *Love v. State*, (1971) 257 Ind. 57, 59, 272 N.E.2d 456, 458.

Petitioner apparently misconstrues the Post-Conviction Judge's responsibility to make findings of fact as an obligation to recite the evidence. It is *substantive facts* with which the rule is concerned, i.e. those operative facts which, when found to exist, compel the conclusion. When such facts are not found, whether for a lack of evidence or a lack of credibility, they cannot be stated as facts found. Under such circumstances, the finding should be that the Petitioner failed in his burden to prove the facts necessary to entitle him to the relief sought; and the *conclusion* is that the law is with the State.

We find no reversible error. The judgment is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.