**Roddie A. LEGG, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 885S317.

Supreme Court of Indiana.

Oct. 28, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant/Petitioner Roddie A. Legg appeals from the denial of post-conviction relief. On November 22, 1983, petitioner entered pleas of guilty to rape and criminal deviate conduct as a result of a verbal plea agreement whereby he was to receive concurrent 50–year sentences for each crime, and the State was to dismiss a habitual offender charge. In accordance with the agreement, the defendant was sentenced to concurrent 50–year sentences for each conviction, and the State did dismiss the habitual offender count. Petitioner now contends that due to the trial court's failure to advise him, pursuant to Ind.Code § 35–35–1–2, of the possibility of an enhanced sentence due to prior convictions, and of the possibility of consecutive sentences, his guilty plea was not entered voluntarily and intelligently.

When appealing the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The post-conviction trial court is the sole judge of the weight of the evidence and the credibility of witnesses. We will reverse the judgment as being contrary to law only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The evidence presented at the post-conviction hearing included the guilty plea, sentencing transcripts, and the testimony of the petitioner. He stated that at the time of his guilty plea, he was aware of the terms of the plea agreement, and knew that if he did not plead guilty, he would be facing the potential of consecutive terms of fifty (50) years on each count. The sentencing transcript supports petitioner's claim regarding the omitted plea hearing advisement. However, there is no indication that petitioner, had he received such advisement, would have decided against the guilty plea. To the contrary, the defendant realized the possibility of consecutive sentences, bargained for the assurance of concurrent sentences, and received the benefit of his bargain.

The burden of proof is upon the petitioner to show by a preponderance of evidence that the sentencing judge's failure to strictly comply with Ind.Code § 35–35–1–2 operated to render involuntary or unintelligent the petitioner's guilty plea decision. *White v. State* (1986), Ind., 497 N.E.2d 893. We do not find the denial of post-conviction relief to be contrary to the evidence.

Judgment affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.