**John LEE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1185S450.

Supreme Court of Indiana.

April 16, 1987.

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant John Lee appeals the denial of his post-conviction petition. He contends the State breached the terms of the plea agreement and that the trial court omitted a statutory plea advisement.

■ When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

■ The State and the defendant entered into a plea agreement wherein the State agreed to remain silent during sentencing except to correct any misstatement of fact by defendant or his counsel. At the sentencing hearing, both the trial court and the defense counsel referred to the victim as a "dealer" or "drug dealer". The State objected to this characterization and de-

scribed the victim in favorable terms. At sentencing, the comments of the trial court clearly indicate that the resulting sentence was not adversely affected by the victim's status or character. The State made no recommendation regarding the sentence, and the plea agreement contained no specific sentence provision.

The State did not breach the plea agreement but merely attempted to correct what it perceived to be a misstatement of the facts regarding the victim. We find that the State fully complied with the plea agreement.

■■■ Defendant next raises the same issue recently discussed in *Holliday v. State* (1986), Ind., 498 N.E.2d 1239, that the trial court failed to strictly comply with Ind.Code § 35–35–1–2 by informing defendant that if the court accepted the plea, it was bound by the terms of the plea agreement. The burden of proof is upon the petitioner to show by a preponderance of evidence that the sentencing judge's failure to strictly comply operated to render involuntary or unintelligent the petitioner's guilty plea decision. *White v. State* (1986), Ind., 497 N.E.2d 893; *Holliday v. State, supra; Legg v. State* (1986), Ind., 498 N.E.2d 1227. Defendant has failed to prove that he would not have pled guilty but for the claimed error. He has not shown that the claimed error rendered his plea decision involuntary or unintelligent.

We affirm the denial of post-conviction relief.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.