UNITED STATES of America,
Plaintiff–Appellee,

v.

Orvid V. GARRETT, Defendant–Appellant.

No. 95–1738.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1996.

Decided July 18, 1996.

Ranley R. Killian, Jr. (argued), Office of U.S. Atty., Crim. Div., Fairview Hts., IL, for U.S.

Michael W. Ochoa (argued), Chicago, IL, for Orvid V. Garrett.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Orvid V. Garrett was convicted of four counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to four concurrent terms of 210 months' imprisonment, followed by five years' supervised release, and $3,000 in fines. On appeal, he argues that he was denied the right to counsel. Mr. Garrett's appointed attorney died, and no one notified the defendant. As a result, he was without counsel for eight days. The district court then appointed a new attorney. Just prior to and during this interval, Mr. Garrett attempted to contact his attorney. Because he could not reach the lawyer, he finally proceeded to file a pro se motion to withdraw his plea of guilty. At sentencing, the district court denied Mr. Garrett a third-level decrease in his offense level for acceptance of responsibility on the ground that he had filed the uncounseled motion to withdraw his guilty plea. We reverse and remand for resentencing.

## I

### BACKGROUND

On July 15, 1994, Attorney Ward E. Walshon, Sr., was appointed to represent Mr. Garrett. On October 3, 1994, instead of proceeding to trial as scheduled, defendant entered a plea of guilty to all four counts. At the change of plea hearing, Mr. Walshon entered a plea of guilty on behalf of Mr. Garrett. There was a stipulation of facts, but no plea agreement. The government's factual basis for the acceptance of the plea of guilty was that Mr. Garrett had sold 5.8 grams of cocaine base to confidential informants.

On October 31, 1994, Mr. Walshon died. The record does not reveal how or when the district court learned of Mr. Walshon's death. On November 8, 1994, the district court appointed Attorney Jeffrey A. Goffinet to represent the defendant. On November 11, 1994, Mr. Goffinet mailed to the district court a form entering his appearance on behalf of Mr. Garrett. On November 17, 1994, Mr. Goffinet wrote to Mr. Garrett to inform him of the representation.

In the meantime, Mr. Garrett had written and submitted pro se to the court a motion to withdraw his guilty plea and a motion to dismiss Mr. Walshon as his attorney. The motions were dated November 14, 1994, and file-stamped November 21, 1994 by the district court. The motion to withdraw the plea of guilty was filed "because due to my attorney's incompetence, being under his advisement, I was erroneously advised and falsely mislead [sic] to enter into a plea of guilt [sic]."[1] On December 7, 1994, the district court struck the pro se motions because they did not include an original signature and instead were photocopies, in violation of Local Rule 4(c).

On March 17, 1995, a sentencing hearing was held. Mr. Goffinet represented the defendant. The court discussed defendant's objections to the presentence investigation report (PSI). The defendant also objected to the court's denial of a three-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(b). The objections were rejected, and the court imposed sentence. On March 23, 1995, Mr. Garrett filed a pro se notice of appeal. On May 22, 1995, Mr. Goffinet filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On October 10, 1995, Mr. Garrett filed a lengthy response to this court's notice of Mr. Goffinet's motion to withdraw.

On October 27, 1995, this court granted Mr. Goffinet's motion to withdraw. On November 1, 1995, we appointed Attorney Michael W. Ochoa to represent Mr. Garrett on appeal, and counsel now asks us to review only one issue. Mr. Ochoa acknowledged during oral argument that he had considered the issues raised by his client in the pro se response to the *Anders* notice and believed

that he had discussed the issues with his client. Our decision today is not intended to preclude the district court's revisiting any of the matters discussed in the pro se submission that affect sentencing.

## II

## DISCUSSION

■■■ A defendant is entitled to counsel during all critical stages of the criminal proceedings, *United States v. Veras*, 51 F.3d 1365 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 540, 133 L.Ed.2d 444 (1995), including a hearing on defendant's motion to withdraw a guilty plea. *United States v. Ellison*, 798 F.2d 1102 (7th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). "The assistance of counsel, to be fully effective, must be continuous from the time when the prosecution begins...." *Young v. Duckworth*, 733 F.2d 482, 483 (7th Cir.1984). Specifically, a defendant has the right to assistance of counsel in deciding whether or not to plead guilty. *See von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948) ("A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial.").

■■ Here, the record discloses that Mr. Garrett was without counsel for approximately eight days between the death of his appointed attorney and the appointment of a new attorney. For some time prior to Mr. Walshon's death on October 31, 1994, the defendant could not reach Mr. Walshon. We know that, at least by November 17, 1994, Mr. Garrett had spoken with Mr. Goffinet and was attempting to withdraw his plea of guilty. On November 17, 1994, Mr. Goffinet

---

1. In support of his motion to dismiss Attorney Walshon, Mr. Garrett stated that: (1) Mr. Walshon had failed to discuss evidence with defendant or advise him of "ramifications"; (2) Mr. Walshon's August 12, 1994 letter "states that my innocence or guilt doesn't matter, because I was classified as a career offender"; (3) Mr. Walshon "falsely assured" defendant that "with acceptance of responsibility, I would not be charged as a career offender, and my base level would not be more than a 26"; (4) Mr. Walshon "failed to inform me that my base level or sentence could

be enhanced by the court at the judge's discretion or by the testimony of another against me"; (5) "Attorney has refused to file motion for bail, stating that it would be useless, because the U.S. Attorney General Office felt I was at risk of flight, which hasn't proven to be true in past circumstances"; and (6) "Attorney nor anyone from his office has contacted me, since the [October 3, 1994] entrance of my plea, with sentencing being less than (30) thirty day[s] away, nor has [sic] any of my phone messages been returned."

wrote a letter to Mr. Garrett stating that he had been appointed as new counsel. His letter indicated that he wanted to request a continuance to give him more "time to prepare for the sentencing, and to consider your request that I file a motion to withdraw your guilty plea." On November 21, 1994, Mr. Garrett's pro se motions to dismiss Mr. Walshon as his appointed counsel and to withdraw his guilty plea were file-stamped by the district court. Nevertheless, because these motions are *dated* November 14, 1994, Mr. Garrett well may have mailed these motions before he learned of Mr. Walshon's death and before he knew of the appointment of Mr. Goffinet. Indeed, counsel made a representation to the district court to that effect.

We need not decide whether the lapse at issue here constitutes the complete denial of counsel that results in a presumption of prejudice.[2] Here, it is clear that Mr. Garrett suffered prejudice as a direct result of the uncounseled interval. Unable to reach counsel, Mr. Garrett felt compelled to act on his own and to file pro se motions to withdraw his guilty plea. This action later served as the district court's basis for denying him a third level reduction for acceptance of responsibility. *Cf. Jenkins v. Coombe*, 821 F.2d 158, 161 (2d Cir.1987) (prejudice presumed where no replacement counsel was assigned after appointed counsel's removal before the appeal was filed; defendant "was constrained to represent himself" and filed a 51–page pro se appellate brief), *cert. denied*, 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988).

■ Under the United States Sentencing Guidelines, a defendant who clearly demonstrates acceptance of responsibility may receive a two-level decrease of his offense level. U.S.S.G. § 3E1.1(a). An additional one-level decrease must be given if the conditions of U.S.S.G. § 3E1.1(b) are met. *See United States v. Townsend*, 73 F.3d 747, 755 (7th Cir.1996). If the defendant qualifies for a decrease under subsection (a), and if the defendant has either timely provided complete information to the government about his role in the offense, or timely notified the government of his intention to enter a plea of guilty, "thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by one additional level." U.S.S.G. § 3E1.1(b). While the acceptance of responsibility determination is largely a factual one that rests on credibility assessments of the sentencing judge, *United States v. Skinner*, 986 F.2d 1091, 1100 (7th Cir.1993), the sentencing judge may not deny a third level decrease if the stated conditions are met. "The language of § 3E1.1[b] is mandatory, not permissive: When a defendant demonstrates that he is qualified for the decrease, the guideline orders the decrease." *Townsend*, 73 F.3d at 755.

In this case, the government agreed that the defendant should receive a three-level decrease for acceptance of responsibility. Counsel for the government reported to the sentencing court that the government did not have to prepare this case for trial and that, even when the pro se motions were filed, the government did not have to spend any time responding to those motions. Defense counsel also argued that the filing of the pro se motion to withdraw the guilty plea should not be held against Mr. Garrett:

MR. GOFFINET: Judge, I have to be frank with the Court. I am not in the best

---

**2.** *See Penson v. Ohio*, 488 U.S. 75, 88–89, 109 S.Ct. 346, 354–55, 102 L.Ed.2d 300 (1988) (prejudice presumed when there is a complete denial of counsel); *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984) ("The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial."). *But see Chambers v. Maroney*, 399 U.S. 42, 54, 90 S.Ct. 1975, 1982–83, 26 L.Ed.2d 419 (1970) (no "per se rule requiring reversal of every conviction following tardy appointment of counsel"); *United States v.*

*Mays*, 69 F.3d 116, 123 (6th Cir.1995) (defendant failed to show prejudice by the "nearly five-month delay before he was appointed new counsel," and thus reversal of conviction was not required), *cert. denied*, —— U.S. ——, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996); *Young v. Duckworth*, 733 F.2d 482, 483–84 (7th Cir.1984) ("[I]t does not follow that every lapse in representation, however brief and inconsequential, deprives a criminal defendant of his rights under the Sixth Amendment. If the lapse (though always regrettable) does not prejudice the defendant in defending himself against the criminal charge, it does not justify nullifying his conviction.").

position in some ways to ... explain this objection [regarding acceptance of responsibility] because I was not appointed to represent Mr. Garrett until after he had already entered a plea of guilty and until his defense counsel had passed away so I wasn't able to speak with his defense counsel.

However, I was advised by both my client and in a telephone conversation with [the prosecutor] that while no formal plea agreement was presented to the court, there was an agreement that the government would recommend to the court that my client be sentenced to the low end of the range and receive points for acceptance of responsibility due to his entering into a stipulation of facts.

Clearly the record before this court does not state that. The transcript of the hearing does not state that. And I have no written documentation which supports that. However, in defense of my client, I thought I needed to raise this issue with the Court. I felt that an objection to the denial of acceptance of responsibility points would be the best way to do that.

Additionally, I guess I need to address one other point, and that is my client did file pro se motions or attempt to file pro se motions with the court which were stricken.

THE COURT: And the pro se motion was for what?

MR. GOFFINET: To withdraw his plea of guilty which was stricken because no original was forwarded to the court, and those were not refiled.... *They were filed after my client could not get in touch with Mr. Walshon. Until I informed my client of Mr. Walshon's death, he was unaware of that.* There was approximately a ten-day period before I was able to meet with my client because I couldn't—I did not want to meet with my client until I received Mr. Walshon's file, and it took awhile before his estate presented that to me.

I don't believe that that circumstance, if the court finds that he would otherwise be entitled to acceptance of responsibility points, I don't believe that circumstance should count against my client because he was unable to get ahold of any attorney who was to be representing him with regard to this case.

Tr. 12–14 (emphasis added).

Nevertheless, the district court believed the pro se filing to be of sufficient import to serve as a ground for granting only a two-level decrease instead of the three-level decrease sought by Mr. Garrett:

THE COURT: Even considering the circumstances of his former counsel and the transition, the fact remains that this defendant did try to withdraw his plea of guilty which is an indication to this court that he was not accepting full responsibility. And again, Mr. Goffinet, if I read the guidelines and have to take the guidelines as gospel in one area, I'm doing it in this area, too.... The additional one point, I think, the defendant does not qualify under the facts of this case, and his attempt to withdraw his plea of guilty clouds that to the point that this court's going to deny the additional point.

Tr. 15–16.

We conclude that it was clearly erroneous to find that Mr. Garrett does not qualify for the additional level on the basis of an uncounseled pro se motion to withdraw his guilty plea—a motion which Mr. Garrett did not attempt to pursue after it was stricken for failure to include an original signature, after he was informed that Mr. Walshon had died, and after Mr. Goffinet was appointed as new counsel. Consequently, Mr. Garrett must be resentenced at one offense level lower pursuant to § 3E1.1(b).

■ Finally, in his pro se response to the *Anders* brief filed by Mr. Goffinet, Mr. Garrett attempts to raise ineffective assistance of counsel claims against his first attorney (Mr. Walshon) and his second attorney (Mr. Goffinet). Typically such claims are not reviewed in a direct criminal appeal. *United States v. Ellis,* 23 F.3d 1268, 1274 (7th Cir. 1994); *Bond v. United States,* 1 F.3d 631, 635–36 (7th Cir.1993). In this case, we believe the issues raised require an assessment beyond the scope of the present record. Because the record "does not provide clear evidence of the ineffective assistance of coun-

sel," the problem is "not ripe for adjudication at the appellate level." *United States v. Lang,* 644 F.2d 1232, 1240 (7th Cir.), *cert. denied,* 454 U.S. 870, 102 S.Ct. 338, 70 L.Ed.2d 174 (1981). Mr. Garrett may raise his claims of ineffective assistance of counsel in a collateral proceeding, if he wishes to do so.

### Conclusion

We Affirm the conviction, but Reverse and Remand for resentencing by the district court consistent with this opinion.

Affirmed in Part; Reversed in Part and Remanded.