165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl SIMMONS, Defendant-Appellant.
 No. 98-1808.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.
Decided Nov. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 660-1. Suzanne Conlon, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The district court revoked Darryl Simmons's term of supervised release and sentenced him to eight months' imprisonment for violating two conditions of his supervised release. Simmons's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Although Simmons was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), he has not responded. Because counsel's brief is adequate on its face, we limit review of the record to those issues raised in the brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 In January 1997, Simmons pleaded guilty to passing counterfeit notes in violation of 18 U.S.C. § 472. He was sentenced to seven months' imprisonment and three years' supervised release. On appeal, we affirmed the judgment of the district court. United States v. Simmons, 130 F.3d 1223 (7th Cir.1997). After Simmons violated the conditions of his supervised release, the district court ordered him to show cause why his supervised release should not be revoked. The district court held a revocation hearing in March 1998, at which Simmons admitted that he had violated two conditions of his supervised release--he had failed to submit to drug testing and treatment, and he had failed to submit the requisite monthly written reports to his probation officer. The district court imposed an eight-month imprisonment term, but, based on its determination that Simmons was impossible to supervise, it did not impose an additional period of supervised release.
 
 
 3
 In his brief, counsel identifies two potential issues for appeal, but he concludes that no nonfrivolous argument can be raised. First, counsel states that he investigated whether Simmons could claim that his sentence was excessive, but determined that such a claim would be frivolous. When a district court revokes supervised release, the court may require the defendant to serve all or part of the term of supervised release in prison. 18 U.S.C. § 3583(e)(3). Because he pleaded guilty to a Class C felony, the court could have imposed up to two years' imprisonment. See 18 U.S.C. § 3559(a)(3). The United States Sentencing Guidelines provide a recommended range of imprisonment for these cases. See U.S.S.G. § 7B1.4(a) (Policy Statement). Here, Simmons committed two Class C violations and had a criminal history category of III. The guidelines recommend a range of five to eleven months for such a violation. Although this is a policy statement that is not binding on the district court, the recommended term of imprisonment is entitled to great weight. United States v. McClanahan, 136 F.3d 1146, 1149 (7th Cir.1998). If the judge properly considers the guidelines range, we will affirm the sentence imposed following revocation unless it is plainly unreasonable. United States v. Marvin, 135 F.3d 1129, 1136 (7th Cir.1998). At the revocation hearing, the court set forth the applicable policy statement and explained that it was not binding but was instructive. The court further explained that it was imposing an imprisonment term in the middle of the range because it had decided not to impose an additional period of supervised release. Because his sentence is within the recommended range, Simmons has no argument that it is plainly unreasonable. Therefore, any appeal of his sentence would be frivolous.
 
 
 4
 Second, counsel states that he also investigated whether Simmons could raise an ineffective assistance of counsel claim but determined that this claim would be both inappropriate on direct appeal and frivolous. According to counsel, the potential ineffective assistance of counsel claim would be "that counsel failed to raise some issue or failed to present some argument" related to Simmons's sentence. This general claim presents no argument to resolve. Moreover, because the record does not provide support of such a claim and because Simmons's appellate counsel was also his counsel at trial, this potential issue would not be appropriate for direct appeal. United States v. Garrett, 90 F.3d 210, 214-15 (7th Cir.1996); United States v. Barnes, 83 F.3d 934, 939 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996).
 
 
 5
 Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.