UNITED STATES of America, Plaintiff–Appellee,

v.

Hossein ZARGARI, Defendant– Appellant.

No. 01–3206.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 21, 2002.

Decided Feb. 21, 2002.

Before Hon. POSNER, Hon. EASTERBROOK, Hon. RIPPLE, Circuit Judges.

ORDER

Hossein Zargari pleaded guilty to one count of conspiring to possess ecstasy with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced Zargari to 60 months' incarceration and three years' supervised release, and also imposed a $300 fine and a $100 special assessment. His appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Because Zargari declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is adequate, we limit our review of the record to the potential issues identified in counsel's brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Zargari could argue that his guilty plea was not knowing and voluntary. Because Zargari did not move to withdraw his plea, we would review such a claim only for plain error, *see United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), *petition for cert. filed*, (U.S. May 16, 2001) (No. 00–10033), but even if we were to review under the more exacting harmless error standard, *see United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would still agree that a challenge to Zargari's guilty plea would be frivolous.

As counsel observes the district court complied fully with Federal Rule of Criminal Procedure 11, the rule designed to insure that pleas are knowing and voluntary. *See United States v. Wagner,* 996 F.2d 906, 913 (7th Cir.1993). The court explained the nature of the charge, the possible penalties, and the various rights that Zargari would waive by pleading guilty. Zargari's representations during the plea colloquy that he understood the charge and the consequences of his guilty plea are presumed truthful. *See United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the government presented to the court a specific factual basis that adequately supports each essential element of the drug offense, *see* Fed. R.Crim.P. 11(f), and Zargari agreed that the government would be able to prove the scenario presented. The court also questioned Zargari to ensure that he was not pressured or coerced to plead guilty, *see* Fed.R.Crim.P. 11(d), and informed Zargari that his sworn testimony at the plea colloquy could be used against him in a future perjury prosecution, *see* Fed.R.Crim.P. 11(c)(5).

Counsel next examines whether Zargari could argue that the drug offense for which he was convicted is unconstitutional. Zargari, however, waived any such claim by pleading guilty. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Moreover, waiver aside, this court has upheld the constitutionality of §§ 841(a)(1) and 846, *see United States v. Westbrook,* 125 F.3d 996, 1009 (7th Cir.1997), rendering this potential challenge frivolous.

Finally, counsel considers whether Zargari could lodge a nonfrivolous claim that his trial counsel performed deficiently by failing to attack previous convictions that contributed to his criminal history calcula-tion. We agree with counsel that a potential challenge on this ground would be frivolous. With the exception of convictions obtained in violation of the right to counsel, criminal defendants cannot collaterally attack the validity of prior convictions used to determine a federal sentence. *See Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *Ryan v. United States,* 214 F.3d 877, 878 (7th Cir.2000). Moreover, a potential claim of ineffective assistance of counsel would not be ripe for adjudication on direct appeal. *See United States v. Garrett,* 90 F.3d 210, 214–15 (7th Cir.1996).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Zargari's appeal.