NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008
Decided December 11, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-4054

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 4:07CR40017-001 DRH |
| MARCUS T. MOORE,<br>　*Defendant-Appellant*. | David R. Herndon,<br>*Chief Judge*. |

**O R D E R**

Marcus Moore pleaded guilty to four counts of distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). He was sentenced to 188 months' imprisonment, the lowest end of the applicable guidelines range. Moore filed a notice of appeal, but his appointed counsel tells us that he cannot find a nonfrivolous basis for appeal and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Moore responded to counsel's motion to withdraw. *See* CIR. R. 51(b). We thus review the potential issues identified in counsel's adequate brief and Moore's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Between June 2005 and October 2006, authorities observed Moore distributing a total of 1.25 grams of crack cocaine in four controlled buys. Moore later pleaded guilty without a plea agreement to four counts of distributing crack. Counsel states that Moore does not want his guilty plea set aside. But in his Rule 51(b) response, Moore states that he did not understand the plea process given his I.Q. of 59, and thus did not enter his guilty plea knowingly. We take this to mean that he wants his plea rescinded. We review the acceptance of Moore's plea for plain error because Moore did not attempt to withdraw his guilty plea in the district court. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

At the start of Moore's plea colloquy, the district court explained to Moore that he could at any point confer with his attorney or tell the judge if Moore did not understand something. The court then engaged in a careful Rule 11 colloquy, and received testimony from Moore that he completed an eighth grade education; that he understood the judge's comments, the charges against him, and the rights he was waiving; that he was satisfied with his counsel; that no threats or promises had been made to him to induce a guilty plea; and that he was pleading guilty knowingly and voluntarily. Consistent with the standard for assessing both competency and consent to enter a plea, *see Godinez v. Moran*, 509 U.S. 389, 398-402 (1993), the district court found Moore competent and accepted his plea as voluntary. Given Moore's eighth grade education and his acknowledged understanding of the plea colloquy, Moore fails to satisfy the burden of showing that the district court plainly erred in entering his guilty plea. *See United States v. Rodriguez-Leon*, 402 F.3d 17, 23-25 (1st Cir. 2005) (finding no plain error where district court made inquiries sufficient to establish that defendant with I.Q. of 62 made plea knowingly and voluntarily); *see also United States v. Robinson*, 253 F.3d 1065 (8th Cir. 2001) (holding that district court did not err when it found, based on its own observations during trial, that defendant with I.Q. of 56 was competent to remain on trial).

Moore next challenges the conclusions of the probation officer in the presentence investigation report. The probation officer calculated a total offense level of 31. To arrive at this, the probation officer found that Moore was responsible for an additional 17.7 grams of crack cocaine because, in a January 2007 interview, an informant told law enforcement that he had supplied Moore with that amount of crack "in the recent past." This brought Moore's base offense level to 24. *See* U.S.S.G. § 2D1.1(c)(8). Taking into account the three-level reduction for Moore's acceptance of responsibility, the probation officer would have calculated a total offense level of 21. But the probation officer determined that Moore qualified as a career offender based on his two prior felony convictions for controlled substance offenses and therefore set his base offense level at 34. *See id.* § 4B1.1(a) and (b). With acceptance of responsibility, Moore's total offense level became 31. And as a career offender, his criminal history category was automatically set at VI. *See id.* § 4B1.1(b). Based

on the total offense level of 31 and criminal history category of VI, the guidelines range for imprisonment was 188 to 235 months.

Moore contests, as counsel did in the district court, the inclusion of the 17.7 grams of crack cocaine. But, as the district court noted at sentencing, Moore's base offense level of 34 was based entirely on his status as a career offender facing an offense with a statutory maximum of 30 years. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1(b)(B). Thus the amount of crack cocaine for which the district court deemed him responsible did not determine Moore's guidelines range for imprisonment.

Both defense counsel and Moore then consider whether the sentence was unreasonable in light of the factors listed in 18 U.S.C. § 3553(a). A district court's concise statement of factors consistent with § 3553(a) that led to a particular sentence will normally suffice, *see United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006), especially if the sentence is within the guidelines range, as here, and thus presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). We review sentences for reasonableness under an abuse of discretion standard. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008). The sentencing transcript shows that the district court considered all of the § 3553(a) factors, including the dangerousness of his crime, his lengthy criminal history, and his difficult childhood, before sentencing Moore to the bottom of the guidelines range. *See Laufle*, 433 F.3d at 987. Counsel does not identify any reason to rebut the presumption of reasonableness for this sentence, and we find none either.

In his Rule 51(b) response, Moore argues further that the district court failed to consider the disparity between sentences for powder and crack cocaine, his assistance in a state murder case, and his diminished mental capacity. But the district court did not unreasonably disregard any of these factors. First, the sentencing disparity between powder and crack cocaine is irrelevant because Moore was sentenced as a career offender. *See United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008). Second, the government did not file a motion under U.S.S.G. § 5K1.1 asking for a reduced sentence based on Moore's substantial assistance in the state murder investigation. The district court, therefore, was not required to rely on Moore's claim of assistance as a basis for going below the guidelines range. *See United States v. Acero*, 535 F.3d 679, 688 (7th Cir. 2008). Finally, the record contains no evidence that Moore's diminished mental capacity "contributed substantially to the commission of the offense," as is required to support a contention that mental incapacity should reduce a sentence. U.S.S.G. § 5K2.13; *cf. United States v. Miranda*, 505 F.3d 785, 792-94 (7th Cir. 2007). The record is limited to the fact of Moore's low I.Q. of 59. The district court did not abuse its discretion in refusing to enter a below-guidelines sentence based on the unsubstantiated claim that diminished mental capacity contributed to Moore's crimes. *See*

*United States v. Jackson*, No. 07-2421, 2008 WL 4724380, at *8 (7th Cir. Oct. 29, 2008).


Finally, Moore argues that he received ineffective assistance of counsel because, he claims, defense counsel did not further investigate his mental condition and failed to demonstrate the affects of his mental deficiency. We have repeatedly said that defendants can more productively pursue ineffective-assistance claims on collateral appeal under 28 U.S.C. § 2255, where they can supplement the record with evidence of counsel's deficiency and prejudice, neither of which is established on the current record. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002); *United States v. Farr*, 297 F.3d 651, 657 (7th Cir. 2002); *United States v. Garrett*, 90 F.3d 210, 214-15 (7th Cir. 1997).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.