Artanada A. WHITE, a/k/a Nada
White, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 00–1533.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2001 *.

Decided Nov. 26, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION and ROVNER, Circuit Judges.

### ORDER

Artanada White moved under 28 U.S.C. § 2255 to vacate his federal drug convictions claiming he was denied his Sixth Amendment right to effective assistance of counsel. The district court denied relief, and we affirm.

In August 1997 White was convicted after jury trial of conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and two counts of distribution of crack cocaine, *id.* § 841(a)(1). The court sentenced him to a total of 420 months' imprisonment and five years' supervised release. White's appointed counsel, David B. Weisman, filed a notice of appeal but subsequently sought to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considered an appeal to be without merit or possibility of success. We granted Weisman's motion and dismissed White's appeal as frivolous. *United States v. White*, No. 97–3923, 1998 WL 447303 (7th Cir.1998) (unpublished).

White then filed his § 2255 motion, alleging that counsel promised to obtain a not guilty verdict on the conspiracy charge and thus led White to refrain from plea negotiations; that counsel prevented him from testifying at trial; and that counsel "abandoned" him by filing an *Anders* brief on appeal. The district court rejected each of these ineffective-assistance theories. White obtained a certificate of appealability from the district court and filed this appeal.

■ In his opening brief White does not take issue with any portion of the district court's decision, but instead asserts entirely new arguments to support his ineffective-assistance claim. In his brief he now argues that counsel was ineffective because he failed to object to the sufficiency of the indictment and failed to call a witness at trial. These arguments are deemed waived since White did not raise them in his § 2255 motion. *See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir.2001).

■ Nor can White resurrect the arguments omitted from his opening brief by raising them in his reply brief. In his reply brief White again asserts (as he did in the district court) that counsel persuaded him not to testify at trial by assuring him that he would be acquitted of the conspiracy charge. He also argues that counsel failed to raise potentially meritorious arguments on appeal and failed to inform him of his right to reply to counsel's *Anders* brief. A reply brief, though, is not the proper vehicle to raise new arguments not presented in an opening brief. *United States v. Elizalde–Adame*, 262 F.3d 637, 640 (7th Cir.2001); *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).

■ Even assuming these arguments are not waived, however, we agree with the district court that White has failed to show that his counsel rendered ineffective assistance. Courts "indulge a strong presumption" that counsel's conduct was within the scope of reasonable legal assistance. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1983). To prevail White must show that his attorney's representation fell below an objective standard of reasonableness and that, but for the attorney's errors, there exists a reasonable probability that the outcome of his case would have been different. *Id.* at 687, 694, 104 S.Ct. 2052.

In support of his allegation that counsel prevented him from testifying at trial, White attached to his § 2255 motion a document entitled "Private Disclosure from Attorney to Client About Testimony of Defendant." Contrary to White's asser-

tions, this document shows that counsel gave thoughtful consideration to whether White should testify and recommended, based on White's prior criminal record and the government's evidence in the case, that White not testify. We agree with the district court that White offered no basis for concluding that counsel's advice was deficient or that counsel somehow prevented White from taking the stand.

 Further, we agree with the district court that counsel's filing an *Anders* brief does not amount to ineffective assistance. An attorney, whether appointed or paid, is under an ethical obligation to refuse to prosecute a frivolous appeal. *McCoy v. Court of Appeals of Wisc.*, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). White's counsel followed the proper procedure for withdrawing, and we agreed with him that there were no non-frivolous issues on which to base an appeal. *White*, 1998 WL 447303 at *1. White was notified of his right to file a response to the *Anders* motion, and he did file such a response, which we considered before dismissing his appeal. *Id.*

AFFIRMED.