**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2015[*]
Decided July 22, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3802

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:97-CR-27 RLM |
| ARTANADA A. WHITE, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

Artanada White challenges the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence. This is not the first time that the district court has rejected White's request for a reduced sentence based on guidelines amendments. When White filed his most-recent motion, the court relied on misstatements in the probation office's report and repeated by the government, and ruled that White was ineligible for a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

sentence reduction. Because White may be eligible for a reduced sentence, we vacate the decision and remand for further proceedings.

White was convicted in 1997 of distributing and conspiring to distribute crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1); 846 (1994). In the presentence report, a probation officer attributed to White more than 18 kilograms of crack and also recommended a 4-level upward adjustment for playing a leadership role in the conspiracy. *See* U.S.S.G. §§ 2D1.1(c)(1), 3B1.1(a) (1997). The sentencing court rejected both positions. Rather than calculate the precise drug quantity, the court decided only that White was responsible for at least 1.5 kilograms of crack. There had been testimony at trial that White sold more than 18 kilograms. *See United States v. White*, 151 F.3d 1034, 1998 WL 447303, at *1, *3–4 (7th Cir. 1998) (nonprecedential disposition) (granting appointed counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and dismissing appeal). The district court acknowledged that the drug quantity likely exceeded 1.5 kilograms but noted that this quantity was enough under the existing guidelines to assign White the highest base offense level under § 2D1.1. The sentencing court imposed no increase for leadership role, leaving White with a total offense level of 38 rather than the 42 calculated by the probation officer. A level of 38 combined with White's Category VI criminal history yielded a guidelines imprisonment range of 360 months to life, and the court imposed a total of 420 months.

In 2007 the Sentencing Commission retroactively adjusted the base offense levels in § 2D1.1(c) for most offenses involving crack. *See* U.S.S.G. App. C, vol. III, amends. 706, 711. In a letter to the district court, White requested a sentence reduction and appointment of counsel. The court appointed a lawyer, but that attorney withdrew on the representation that White was ineligible for a sentence reduction. Counsel reasoned, based on the 18 kilograms of crack attributed to White in the presentence report, that the revisions to § 2D1.1(c) could not benefit him. The district court then denied White's requested reduction with the explanation that White's "sentencing range remains the same after the amendments." White filed but abandoned an appeal from that decision, and he did not seek a sentence reduction when § 2D1.1 was again amended in 2010 and 2011 in response to the Fair Sentencing Act of 2010, Pub. L. No. 111-220. *See* U.S.S.G. App. C., vol. III, amends. 748, 750.

Then in November 2014 the guidelines were amended a third time, and White filed the pro se § 3582(c)(2) motion underlying this appeal. This time he requested a sentence reduction based on Amendments 782 and 788, which retroactively lowered by 2 the base offense level for all drug crimes covered by § 2D1.1, and increased

to 25.2 kilograms the quantity of crack required for a base offense level of 38. *See* U.S.S.G. Supp. to App. C, amends. 782, 788.

In response to this motion, a probation officer asserted, in an addendum to the presentence report, that at White's sentencing in 1997 the district court had "found the defendant to be responsible for the distribution of approximately 18 kilograms of cocaine base." On that basis the probation officer concluded that White's total offense level had dropped from 42 to 40. In fact, though, the various retroactive amendments including those in 2014 had reduced the base offense level for 1.5 kilograms of crack to 32, and the imprisonment range for White, if based on that quantity, would be 210 to 262 months. Yet the probation officer reported to the district court that, with a revised offense level of 40, White's imprisonment range remained at 360 months to life. The government overlooked the probation officer's mistake in saying that the sentencing court had found the drug quantity to be "approximately 18 kilograms." Instead the government joined in asserting that White was not eligible for a sentence reduction. The district court denied White's motion, reasoning that the imprisonment range had not changed. The court did not say whether this conclusion rested on a redetermination of the drug quantity.

The government concedes that a remand is necessary because the miscues by the probation officer and its own lawyer apparently misled the district court into thinking that White's imprisonment range could not have changed. We agree with the government's concession.

White may be eligible for a sentence reduction. If a defendant was sentenced based on a guidelines range that later was lowered by the Sentencing Commission, the district court has discretion under § 3582(c)(2) to reduce the sentence. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015); *United States v. Purnell*, 701 F.3d 1186, 1189–90 (7th Cir. 2012). In determining whether a defendant's guidelines range has been lowered, the court must apply any retroactive amendments while leaving all other applications of the guidelines unchanged. *See* U.S.S.G. § 1B1.10(b); *United States v. Stevenson*, 749 F.3d 667, 670 (7th Cir. 2014); *United States v. Wren*, 706 F.3d 861, 862–63 (7th Cir. 2013). By relying on the probation officer's addendum, the district court did not do that. Like the original presentence report, the addendum attributes to White 18 kilograms of crack and a 4-level upward adjustment for acting as a leader. But the sentencing court had explicitly stopped counting at 1.5 kilograms and rejected the recommended 4-level increase.

In ruling on White's motion, the district court could have revised its factual finding about the quantity of crack attributed to White, as long as the revised finding was supported by the record and consistent with the sentencing judge's initial determination. *See United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010). But the court's order does not suggest that its decision rests on a reassessment of the drug quantity rather than acceptance of the probation officer's inaccurate addendum. We don't know whether White is eligible for a sentence reduction, but the government acknowledges that he probably is. Even if the district judge had not stuck with the original finding of 1.5 kilograms, a revised finding of 25.2 kilograms—significantly above the probation officer's initial estimate of 18 kilograms—would be necessary for White's imprisonment range to remain unchanged. *See* U.S.S.G. § 2D1.1(c)(1)(2014). And if the district court finds White responsible for the same quantity as at sentencing—1.5 kilograms—then his amended guidelines range would be 210 to 262 months. Where exactly the new range falls is for the district court to decide on remand.

Accordingly, the order denying White's motion under § 3582(c)(2) is VACATED, and the case is REMANDED for further proceedings.