UNITED STATES of America,
Plaintiff–Appellee,

v.

Alphonso VONN, Defendant–Appellant.

No. 98–50385.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1999.

Filed Sept. 14, 2000.

Emily Uhrig, Deputy Federal Public Defender, Los Angeles, California, argued the cause for Defendant–Appellant. With her on the briefs was Maria E. Stratton, Federal Public Defender, and Olivia W. Karlin, Deputy Federal Public Defender.

Before: BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## ORDER

The opinion filed April 20, 2000, and reported at 211 F.3d 1109, is withdrawn and superseded by the attached opinion. The petition for rehearing is otherwise denied.

## OPINION

KOZINSKI, Circuit Judge:

We consider whether we must set aside a guilty plea because the district court failed to advise defendant of his right to be represented by counsel at trial.

### I

On February 27, 1997, three men entered the Farmers and Merchants Bank in Long Beach, California, and attempted a daring, if ill-conceived, daytime robbery. After announcing "[t]his is a holdup," two of the robbers drew guns and instructed everyone to get on the floor. The third man, Vonn, leapt over the counter with a bag for the tellers to fill with money. The three men then fled with a grand total of $209, proving yet again that crime doesn't pay. Adding injury to insult, the three were arrested a short time later and police recovered the entire booty from Vonn's sock.

Vonn was initially charged with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and chose to plead guilty. As required by Rule 11(c) of the

Elaine Lu, Assistant United States Attorney, Los Angeles, California argued the cause for Plaintiff–Appellee. With her on the briefs were Alejandro N. Mayorkas, United States Attorney and George S. Cardona, Assistant United States Attorney.

Federal Rules of Criminal Procedure, the court informed Vonn of the rights he was relinquishing: the right against self-incrimination, the right to trial by jury, the right to confront witnesses and the right to present evidence in his own behalf. Absent from the litany of Rule 11(c) rights ticked off by the district court was the right to counsel at trial. *Cf.* Fed. R. Crim P. 11(c)(3).

The government then filed a superseding indictment charging Vonn with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Vonn pleaded guilty to these additional charges and the court again instructed him as to the rights he was giving up. Again, the district judge failed to inform Vonn of his right to an attorney at trial as required by Rule 11(c)(3). This time the government attempted to point out the court's error:

> Ms. Lu (for the government): Your Honor?
>
> The Court: What?
>
> Ms. Lu: If we could—I don't know remember hearing the Court inform the defendant of his right to assistance of counsel.
>
> The Court: I didn't because [he] is represented by counsel.

Reporter's Transcript of Proceedings, Change of Plea at 10–11.

Vonn subsequently moved to withdraw his guilty plea on the gun charge, arguing that he was not guilty and his plea was the result of a mistake. The court denied Vonn's motion. In the Presentence Report, Vonn's probation officer recommended a prison term at the low end of the spectrum given "the minimal loss and [Vonn's] lack of criminal history." Vonn was sentenced to a total of 97 months. On appeal, he seeks to have all of his convictions set aside due to the district judge's

failure to advise him of his right to counsel at trial.[1]

## II

██ According to Rule 11, prior to accepting a guilty plea, "the court *must* address the defendant personally in open court and inform the defendant" of his rights. Fed.R.Crim.P. 11(c) (emphasis added). The Rule then goes on to list the specific rights the court must explain to the defendant. If the district court fails to properly advise a defendant of his rights under Rule 11(c), we typically allow him to withdraw his guilty plea. *See United States v. Odedo,* 154 F.3d 937, 939 (9th Cir.1998) (holding that where "the district court violated the requirements of Rule 11" it was "necessary to remand so that [defendant] has the opportunity to enter a new plea").

The government has all but conceded that the requirements of Rule 11 were not satisfied here. *See* Appellee's Brief at 1 (posing the issue presented as "[w]hether . . . the district court's failure explicitly to advise (sic) defendant of his right to the continued assistance of counsel at trial affected defendant's substantial rights"). Nevertheless, the government offers two arguments as to why Vonn ought not be allowed to withdraw his guilty plea. The first is that he is precluded from raising his Rule 11 claim with respect to the firearms charge because he failed to raise it below in his motion to withdraw the plea. Second, the government argues that the district court's failure to adhere strictly to the requirements of Rule 11(c)(3) was harmless error.

### A. Waiver

██ The government correctly points out that we do not normally consider issues raised for the first time on appeal. *See United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir.1987) (refusing to "consider the merits" because defendant "failed

---

1. Vonn also claims the district court erred in failing to warn him that statements he made in the change of plea hearing could be used against him in a future perjury prosecution.

Because we find the failure to advise him of the right to counsel to be dispositive, we need not address this claim.

to raise this claim below in his motion to withdraw his plea ... [and] fail[ed] to satisfy any ... exceptions"). However, we have held that this does not apply to Rule 11 errors. Instead, Rule 11 has its own review mechanism, which supersedes the normal waiver rule. *See Odedo*, 154 F.3d at 940, ("[T]he Rule 11(h) 'harmless error' standard applies to all Rule 11 errors, regardless of whether they were ever raised before the district court.").[2] Thus, the case turns on our resolution of the government's second argument, that the district court's error was harmless.

## B. Harmless Error

Under Rule 11(h), we must disregard variances from the colloquy that do not "affect substantial rights." Fed.R.Crim.P. 11(h). We have interpreted this to mean that we must inquire whether the defendant was aware of his rights despite the judge's failure to advise him. *See United States v. Graibe*, 946 F.2d 1428, 1435 (9th Cir.1991) (requiring that government make "an affirmative showing on the record that the defendant was actually aware of the advisement" for the error to be harmless).

■■■ In determining what the defendant knew, "we are limited to what the record of the plea proceeding contains." *Id.* at 1434. The requirements of Rule 11 are so easy to follow that we will not go beyond the plea proceeding in considering whether the defendant was aware of his rights. *See Odedo*, 154 F.3d at 940 ("Our review is limited to the record of the plea proceeding."); *United States v. Gastelum*, 16 F.3d 996, 999 (9th Cir.1994) ("This requirement ensures that a defendant is fully aware of his rights *when his plea is entered*-that he is aware of them *at the time*

they are being waived."); *United States v. Kennell*, 15 F.3d 134, 138 (9th Cir.1994) ("In making the critical inquiry into what Kennell actually knew at the time he entered his plea, we are limited to the contents of the record of the plea proceeding.").[3] Thus, we cannot consider the government's claim that Vonn learned of his right to counsel during earlier court proceedings.

■■■ The government suggests that the Assistant United States Attorney's reminder to the district court during the plea proceeding alerted the defendant to his right to assistance of counsel at trial. *See* p. 1154 *supra*. We sympathize with the government's position and recognize its good faith effort to correct the district court's error. However, the transcript of the government's attempted correction does not yield the unequivocal evidence we would need before we could deem Vonn aware of his continuing right to counsel at trial.

The prosecutor's statement was elliptical at best: "If we could-I don't know remember hearing the court inform the defendant of his right to assistance of counsel." Reporter's Transcript of Proceedings, Change of Plea at 10–11. For those familiar with the legal system, the import of the lawyer's statement is apparent: She was reminding the district court of defendant's right to representation of counsel at trial. However, for an inexperienced criminal defendant, the statement could be baffling, as it does not mention the availability of counsel at trial. And the district court's response to the government's reminder, "I didn't because [he] is represented by counsel," *id.* at 11, might confuse even an experienced criminal defendant. We cannot

---

2. We note, moreover, that accepting the government's waiver argument would create a curious anomaly: We would be precluded from considering the failure to caution defendant of his right to counsel on the gun charge, as to which he made a motion to withdraw the plea (but failed to raise the rule 11 argument), but we would not be precluded from considering the issue with respect to the remaining counts, as to which defendant made no motion to withdraw the plea.

3. *United States v. Dawson*, 193 F.3d 1107 (9th Cir.1999), distinguished *Gastelum*, 16 F.3d 996, on the grounds that the court might look beyond the plea proceeding on habeas review, even though it would not on direct appeal. *See Dawson*, 193 F.3d at 1110. While we are not convinced the distinction makes sense, our case falls on the *Gastelum* side of the line.

assume that Vonn understood the point of the government's objection.

The government also relies on cases from other circuits which appear to hold that a defendant who is represented by counsel at his plea hearing, is presumed to be aware of his right to counsel at trial. *See, e.g., United States v. Gomez–Cuevas,* 917 F.2d 1521, 1526 (10th Cir.1990) ("[T]here was no prejudice in the court's failure to advise Gomez he had a right to counsel because Gomez already was represented by counsel."); *United States v. Lovett,* 844 F.2d 487, 491 (7th Cir.1988) ("Lovett was represented by an attorney. Therefore, the district court was not required to inform Lovett that even if he could not afford one, an attorney could be appointed to assist him at trial."); *United States v. Caston,* 615 F.2d 1111, 1113–15 (5th Cir.1980) (harmless error where court failed to explicitly advise defendant of right to assistance of counsel at trial); *United States v. Saft,* 558 F.2d 1073, 1080 (2d Cir.1977) ("[I]t would defy reality to suppose that Saft had any doubts" about his appointed counsel's continuing to represent him at trial, because unlike "a defendant with retained counsel who might worry that his money might run out . . . . there was no suggestion that [Saft's] counsel would abandon him if he went to trial.").

██ While language in these cases supports the government's position, most rely upon evidence outside of the plea proceeding.[4] This our precedent firmly precludes. *See* pp. 1155–56 *supra. Gomez–Cuevas* is

the only case cited by the government where the fact that a defendant was represented at the plea hearing was deemed sufficient to support the inference that he knew of his right to counsel at trial. *See* 917 F.2d at 1526. However, it is also out of step with our case law, which requires "an affirmative showing on the record" that defendant was aware of his rights. *See Graibe,* 946 F.2d at 1435. Moreover, it is inconsistent with the structure of Rule 11. Subsection (c)(3) of the rule specifies the rights of which defendant must be advised even if he is represented by counsel, and this includes the right to counsel at trial. The drafters of the rule, thus, did not consider the admonition redundant simply because defendant is represented by counsel at the plea hearing.[5] The fact that a criminal defendant has been assigned a lawyer for a plea hearing does not, standing alone, absolve the district judge of his responsibility to advise the defendant of his continuing right to an attorney at trial under Rule 11(c)(3).

### Conclusion

Because the district court erred in advising Vonn of his rights under Rule 11(c)(3), and that error was not harmless, we vacate Vonn's sentence and guilty pleas and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

**4.** In *Lovett,* the court relied upon the defendant's prior dealings with the criminal justice system as suggesting his awareness of his right to counsel. *See Lovett,* 844 F.2d at 492 ("[T]here is no suggestion in the record that Lovett did not know about his right to counsel at trial . . . through his own extensive experience as a criminal defendant."). Likewise, Caston had been in the criminal justice system before and his experience supported the inference that he was familiar with his right to counsel at trial. *See Caston,* 615 F.2d at 1115 ("[Caston] was an experienced defendant . . . ."). Finally, in *Saft,* the court relied on evidence that the defendant was actually

aware that his lawyer would continue to represent him at trial. *See Saft,* 558 F.2d at 1080 ("Saft's affidavit in support of his motion to withdraw his guilty plea stated that prior to the opening of serious plea discussions in September 1976, 'my attorney and I had looked forward to trial as the ultimate forum for proving that I am not guilty of the crimes charged.' ").

**5.** By contrast, subsection (c)(2) of the rule lists certain advisements that the court may omit if the defendant is already represented. *See* Fed.R.Crim.P. 11(c)(2).