UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro BALDERAS, Defendant–
Appellant.

No. 00–4011.

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2001.

Decided Aug. 1, 2001.

Before FLAUM, Chief Judge,
EASTERBROOK, KANNE, Circuit
Judges.

### ORDER

Pedro Balderas pleaded guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 62 months' imprisonment. He filed a noticed of appeal, but his counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she believes that any appeal would be frivolous. We gave Balderas an opportunity to respond to counsel's motion pursuant to Circuit Rule 51(b), but he has not done so. Counsel's *Anders* brief is facially adequate, and thus we limit our review of the record to those potential issues counsel discusses. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that there are no nonfrivolous issues for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Balderas could challenge his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure. We have held that when a defendant has failed to seek withdrawal of his guilty plea in the district court we will review a Rule 11 plea colloquy only for plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). But even were we to review Balderas's plea colloquy under the more exacting harmless error standard, *compare United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), cert. granted, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001) (holding that Rule 11 has its own review mechanism that supersedes application of Fed.R.Crim.P. 52), we would still agree with counsel that an appeal based on the propriety of the guilty plea would be frivolous. In accordance with Rule 11, the district court thoroughly ensured that Balderas understood the nature of the charges against him, the maximum penalties, the impact of the sentencing guidelines, and the various rights he would waive by pleading guilty. The government proffered an adequate factual basis for its case, which Balderas affirmed as correct. Moreover, Balderas acknowledged under oath that he understood the consequences of his guilty plea, that he had not been pressured or coerced to plead guilty, and that his plea was voluntary. These representations are presumed truthful. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000). Therefore any challenge to the voluntariness of his plea would be frivolous.

Counsel next considers whether Balderas could raise a nonfrivolous challenge to his sentence. Balderas was given the opportunity to object to the PSR findings both before and during the sentencing hearing. In fact, Balderas affirmatively stated through counsel and in person at sentencing that he had no objections to the PSR. Thus, Balderas has waived his right to appeal the calculation of his sentence and any such argument would be frivolous. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000).

Accordingly, we GRANT counsel's motion and DISMISS the appeal.