## UNITED STATES of America, Plaintiff–Appellee,

v.

## De'Angelo A. CROSS, Defendant–Appellant.

### No. 00–3579.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 19, 2001.

Decided Nov. 21, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

### Order

De'Angelo Cross pleaded guilty to four counts of armed bank robbery and one count of using a firearm during and in relation to a crime of violence. His total sentence is 304 months' imprisonment. Although as part of his bargain De'Angelo agreed to forego appeal, he filed an appeal nonetheless, exposing himself to increased punishment if in response the prosecutor elects to take back any of the government's promises. See *United States v. Hare*, 269 F.3d 859, —— – ——, slip op. 5–6 (7th Cir.2001). His lawyer reports that after a search he could not find any non-frivolous issues and seeks leave to withdraw. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Notified of this proposal, see Circuit Rule 51(b), Cross has not filed a response suggesting what issues he would like to raise.

Because counsel's *Anders* brief is facially adequate, we confine our attention to the issues it mentions. See *United States v. Tabb*, 125 F.3d 583 (7th Cir.1997).

Counsel first considers whether Cross could challenge the validity of his guilty plea, given the requirements of Fed. R.Crim.P. 11(c). As counsel observes, the district judge did not fully comply with this rule--and though all of the advice the judge left out may be found in the plea agreement itself, Rule 11 requires the judge *personally* to deliver the information, and one court of appeals has held that failure to do this leads to reversal because the appellate court is forbidden to consider the contents of the plea agreement. See *United States v. Vonn*, 224 F.3d 1152 (9th Cir.2000), cert. granted, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001). We disapproved *Vonn* in *United States v. Driver*, 242 F.3d 767 (7th Cir.2001). Although a conflict among the circuits usually presents a non-frivolous opportunity for appellate review, it does not do so here because Cross has given no hint that he *wants* to withdraw his plea, and *Vonn* does not hold that courts of appeals must annul even those pleas that defendants would prefer to live with.

With the plea remaining in force, the waiver in the plea agreement forecloses any other appellate argument. The waiver itself has an exception for constitutional problems that arise during sentencing, but counsel has not identified such a problem, and we could not find one either.

The motion to withdraw is granted, and the appeal is dismissed as frivolous.