**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas M. STOLPA, Defendant–Appellant.**

**No. 01–2435.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 13, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

Thomas Martin Stolpa, a felon, pleaded guilty to one count of conspiring to acquire a nine millimeter pistol through a straw purchase, 18 U.S.C. §§ 371, 922(a)(6), (g)(1), and one count of possessing a .22 caliber pistol, 18 U.S.C. § 922(g)(1). The district court sentenced Stolpa to two concurrent terms of incarceration–60 months for the conspiracy count, and 180 months for the firearm count as an armed career criminal, 18 U.S.C. § 924(e). The court also sentenced him to two concurrent terms of supervised release–three years for the conspiracy count and five years for the firearm count. The court also imposed a $1,000 fine and $200 in special assessments. As a result of Stolpa's successful collateral challenge under 28 U.S.C. § 2255, the district court permitted him to proceed with an untimely appeal. His appointed counsel have now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because they are unable to discern a nonfrivolous issue for appeal. Because Stolpa declined our invitation to file a response, *see* Circuit Rule 51(b), and counsels' *Anders* brief is facially adequate, we limit our review of the record to the issues identified in counsels' brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first consider whether Stolpa could argue that his guilty pleas were not entered knowingly and voluntarily. Counsel observe that the district judge did not fully comply with Federal Rule of Criminal Procedure 11, but nevertheless conclude that any challenge would be frivolous because the written plea agreement contained the information that the judge failed to provide. The Ninth Circuit has held that a judge's failure to personally deliver the advice set out in Rule 11 merits reversal because a reviewing court may not consider the contents of a plea agreement in evaluating the voluntariness of a guilty plea. *See United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001). We disapproved the Ninth Circuit's view in *United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), *petition for cert. filed*, — U.S.L.W. — (U.S. May 16, 2001) (No. 00–10033). But even if *Vonn* is correct, we agree with counsel that Stolpa could not present a nonfrivolous challenge because he has given no indication that he wants to withdraw his guilty pleas; *Vonn* does not hold that courts of appeals must nullify pleas that defendants have chosen to accept.

Counsel next consider potential challenges to Stolpa's guideline sentences. But Stolpa cannot construct a nonfrivolous argument about application of the guidelines because he affirmatively agreed with the findings contained in the PSR and thus waived any challenge on appeal to the district court's adoption of the probation officer's recommended calculations. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Nor could Stolpa raise a nonfrivolous claim that the district court erred by refusing to award him a downward departure based on his poor health. As counsel note, the district court was prohibited from imposing a sentence below the mandatory minimum because the gov-

ernment did not move for a downward departure based on substantial assistance under 18 U.S.C. § 3553(e). *See United States v. McMutuary,* 217 F.3d 477, 486 (7th Cir.), *cert. denied,* 531 U.S. 1001, 121 S.Ct. 502, 148 L.Ed.2d 471 (2000).

■ Finally, counsel evaluate whether Stolpa could challenge his statutorily mandated sentence as an armed career criminal under § 924(e). Although neither the probation officer nor the district judge identified which of Stolpa's prior convictions triggered the mandatory minimum sentence, Stolpa agreed with the probation officer's recommended guidelines calculations and thus waived any challenge on appeal to their adoption by the district court. *See Staples,* 202 F.3d at 995. Counsel then evaluate whether Stolpa could present a nonfrivolous claim that his trial counsel performed deficiently by failing to object to the district court's determination that he qualified as an armed career offender. Direct appeal is rarely the appropriate place to raise an ineffective-assistance claim because the trial record typically lacks sufficient development to review the issue. *See United States v. Harris,* 230 F.3d 1054, 1059 (7th Cir.2000). Here, the record is inadequate to determine whether counsel should have raised this objection with the district court; for example, it is unclear whether the State of Wisconsin expunged Stolpa's state burglary convictions, *see* 18 U.S.C. § 921(a)(20). Therefore, a potential claim of ineffective assistance of counsel would not be ripe for adjudication on direct appeal. *See United States v. Garrett,* 90 F.3d 210, 214–15 (7th Cir.1996).

Accordingly, we GRANT counsels' motion to withdraw and DISMISS Stolpa's appeal.