**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy B. HARRIS, Defendant–Appellant.**

**No. 01–2195.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 13, 2001.

Decided Dec. 14, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## ORDER

Roy Harris pleaded guilty to four counts of possessing cocaine base with intent to distribute. 21 U.S.C. § 841(a)(1). The district court sentenced him to concurrent terms of 235 months' imprisonment and four years' supervised release. The court also imposed a $20,000 fine and $400 in special assessments. Harris filed a notice of appeal, but his counsel seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Harris filed a reply under Circuit Rule 51(b) in which he objects to counsel's motion and requests the appointment of new counsel. Because counsel's *Anders* brief is facially adequate, we limit our review of the record to the issues raised in counsel's brief and Harris' response. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel first addresses whether Harris could make a nonfrivolous argument that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure when taking his pleas. At Harris' plea colloquy, the district court first determined that Harris was competent to enter a plea, then advised him in open court of the nature of the charges against him, the potential penalties, and the rights he would waive by pleading guilty. The court questioned Harris to ensure that he was not forced or coerced into pleading guilty, that an adequate factual basis for the pleas existed, and that he had discussed his decision to plead guilty with his lawyer. The district court thus substantially complied with the requirements of Rule 11. Moreover, at no point has Harris sought to withdraw his guilty plea. Thus, whether we reviewed the Rule 11 proceeding under a plain error standard, *see United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), or under a harmless error standard, *see United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would agree with counsel that any argument that Harris' plea colloquy was deficient is frivolous.

■ Counsel next evaluates Harris' sentencing, and concludes that any challenge would be frivolous. Although Harris initially objected to several calculations in the probation officer's report, he withdrew his objections. And by affirmatively withdrawing his objections to the PSR, Harris waived his right to appellate review of those objections. *See United States v. Scanga*, 225 F.3d 780, 783 (7th Cir.2000). Although Harris argues that his relevant history was not proved by a preponderance of the evidence, this was among the objections he waived. Counsel also addresses whether Harris could challenge his sentence based on *Apprendi*. We agree with counsel that any challenge based on *Apprendi* would not apply because Harris' sentence falls below the statutory maximum. *See* 21 U.S.C. § 841(b)(1)(A)(iii); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000). Thus any appeal challenging Harris' sentencing would be frivolous.

Since Harris has no nonfrivolous issues for appeal, the motion to withdraw is GRANTED, the appeal is DISMISSED,

and Harris' motion for appointment of substitute counsel therefore is DENIED.