**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David CONTRERAS–HERNANDEZ,**
**Defendant–Appellant.**

**No. 01–50112.**
**D.C. No. CR–00–01030–RSWL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, and TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

David Contreras–Hernandez appeals his conviction and 87–month sentence after his guilty plea for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

(1) Contreras contends that his guilty plea must be set aside because the district court did not fulfill the requirement to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the ... nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c)(1).[1] In particular, Contreras argues that the district court failed to adequately explain the "found in" element of 8 U.S.C. § 1326, the crime with which the indictment charged him. He is wrong.

During the change-of-plea colloquy in open court, the district court personally informed Contreras that he was charged with "being an illegal alien found in the United States." The district court also sufficiently informed Contreras of the elements of § 1326's found-in offense: (1) the defendant is an alien; (2) had been deported; (3) was subsequently found in the United States; and (4) did not have the permission of the Attorney General to reapply for admission. *See* 8 U.S.C. § 1326(a). However, Contreras contends the district court erred by mentioning "entry" when it listed the elements of the crime, which he argues actually advised him not of § 1326's found-in offense, but rather its separate re-entry offense. But, of course, "re-entry is part of being found in the United States and is 'embedded in the "found in" offense.'" *United States v. Parga–Rosas,* 238 F.3d 1209, 1213 (9th Cir.2001) (quoting *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165 (9th Cir. 2000)). Moreover, the government's statement of the facts, which Contreras adopted in total, reemphasized that: (1) Contreras was an alien; (2) had been deported (at least four times); (3) was subsequently found in the United States; and (4) did not have the Attorney General's permission to be here. *See id.* at 1211.

(2) Contreras concedes that *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), forecloses the challenge of his sentence based upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**AFFIRMED.**

---

1. When considering this issue, we limit ourselves to the plea colloquy, and plain error analysis applies. *See United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001).

