**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos Dominguez BENITEZ aka**
**Carlos Dominguez, Defendant–**
**Appellant.**

**No. 00–50181.**

**D.C. No. CR–99–00067–AHS–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 29, 2002.

Before BROWNING, REINHARDT, and RICHARD C. TALLMAN, Circuit Judges.

## ORDER

Mandate shall be stayed pending the United States Supreme Court's decision in *United States v. Vonn*, 224 F.3d 1152 (9th Cir.2000), *cert. granted*, 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (Feb. 26, 2001) (No. 00–973).

## MEMORANDUM [1]

■ The district court violated Federal Rule of Criminal Procedure 11(e)(2) by accepting Benitez's guilty plea without informing him he could not withdraw his plea if the court rejected the sentencing recommendation in the plea agreement. The dispositive issue is whether the district court's error was harmless.

A failure to comply strictly with Rule 11(e)(2) may be harmless if the record shows the defendant actually knew he would be bound by his plea regardless of the length of the sentence the court decided to impose. *United States v. Graibe*, 946 F.2d 1428, 1433 (9th Cir.1991). However, even if a written plea agreement states the defendant cannot withdraw his

plea, "the reading of the plea agreement is no substitute for the rigid observance of Rule 11." *United States v. Kennell*, 15 F.3d 134, 136 (9th Cir.1994). Inclusion in the plea agreement of a statement that Benitez could not withdraw his plea does not establish Benitez's actual knowledge of that fact.

Nothing in the record of the plea proceeding suggests Benitez actually knew he could not withdraw his guilty plea. Since the district court imposed a sentence in excess of that recommended in the plea agreement, we hold the district court's failure to comply with Rule 11(e)(2) was not harmless error and Benitez's guilty plea must be vacated and the case remanded to district court to allow Benitez to enter a new plea.

■ The district court did not abuse its discretion by denying Benitez's motions for substitute counsel. We consider three factors: (1) adequacy of the court's inquiry into the complaint; (2) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (3) the timeliness of the request. *United States v. Walker*, 915 F.2d 480, 482 (9th Cir.1990).

The district court made an adequate inquiry into Benitez's complaint. It held a hearing, allowed Benitez to address the issue at the hearing and again at sentencing, and questioned Wilke. The conflict between Benitez and Wilke did not lead to a complete breakdown in communication nor did it prevent Benitez from presenting an adequate defense. Although Benitez refused to speak to Wilke at one meeting, he did not continue to refuse to communicate. In his letters and statements to the court, Benitez never alleged Wilke was failing to investigate an entrapment de-

fense. Benitez's last three "motions" were untimely since the only issue left when they were filed was his position regarding sentencing.

This court will not consider Benitez's claim of ineffective assistance of counsel on direct appeal because the record is not sufficiently developed for the court to examine the issue. Benitez may petition for a writ of habeas corpus if there is evidence outside the record that would support his claim.

REVERSED IN PART, AFFIRMED IN PART AND REMANDED.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.