**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Antonio PEREZ–LARDI, aka Jose Lardi Perez, aka Jose Antonio Perez, aka Jose Garcia Perez, aka Pedro Pena, aka Jose Anthony Perez, aka Victor Perez, Defendant–Appellant.**

No. 01–50105.

D.C. No. CR 00–866–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Feb. 6, 2002.

Before SCHROEDER, Chief Judge, MCKEOWN, Circuit Judge, and ZILLY, District Judge.\*

MEMORANDUM \*\*

Jose Antonio Perez–Lardi appeals his conviction, pursuant to a guilty plea, and sentence for being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the judgment of conviction and sentence, and remand.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Perez–Lardi asserts that the district court failed to comply with Fed.R.Crim.P. 11(c)(1) by not expressly advising him of the maximum possible penalty provided by law at the change of plea hearing. The adequacy of a Rule 11 plea hearing is reviewed de novo. *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998). Fed. R.Crim.P. 11(c)(1) requires the district court, before accepting a plea of guilty, to personally address the defendant in open court and inform him of, and determine that he understands, "the maximum possible penalty provided by law. . . ." The government concedes that the district court did not expressly advise Perez–Lardi of the statutory maximum penalty for the crime to which he was pleading guilty. The government contends, however, that the district court's omission was harmless error.

The district court's failure to expressly inform Perez–Lardi of the maximum statutory penalty is not harmless error. The plea proceedings were conducted over the course of three days during which the government attempted to file a superseding indictment. As a result of these proceedings, Perez–Lardi could reasonably have understood that the maximum possible penalty for the crime to which he pled guilty was two rather than twenty years. Thus the district court's error was not harmless and affected Perez–Lardi's substantial rights. *See United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001).[1]

As we find that the conviction must be vacated, we need not reach the issue of whether the district court understood it had the option to depart for possible prison abuse.

VACATED.

---

1. The Supreme Court has granted certiorari in *Vonn,* in part, to determine whether a Rule 11 error is subject to plain or harmless error review. *Vonn,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102. Whether this Court reviews the plea proceedings for plain or harmless error does not alter the outcome in this case.

