UNITED STATES of America,
Plaintiff–Appellee,

v.

Alphonso VONN, Defendant–Appellant.

No. 98–50385.

United States Court of Appeals,
Ninth Circuit.

June 20, 2002.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## ORDER

We previously set aside Vonn's guilty plea because the district court did not advise Vonn of his right to be represented by counsel at trial. *United States v. Vonn*, 224 F.3d 1152 (9th Cir.2000). In so doing, we followed our circuit precedent of reviewing the district court's violation of Fed.R.Crim.P. 11 for harmless error even when the defendant failed to object, *id.* at 1155 (citing *United States v. Odedo*, 154 F.3d 937, 940 (9th Cir.1998)), and confining our review to the record of the defendant's plea proceeding, *id.* (citing *Odedo*, 154 F.3d at 940, and *United States v. Gastelum*, 16 F.3d 996, 999 (9th Cir.1994)). The Supreme Court vacated our opinion and held that we must review for plain error and may consult the entire record, from the defendant's first appearance to his plea colloquy. *United States v. Vonn*, — U.S.

——, ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).[1] The Court thus overruled *Odedo* and *Gastelum*, insofar as they are to the contrary.

 To prevail, Vonn must show that, by failing to inform him of his right to counsel at trial, the district court committed a plain error that affected both Vonn's "substantial rights" and "the fairness, integrity or public reputation of judicial proceedings." *Vonn,* —— U.S. at ——, 122 S.Ct. at 1048 (quoting *United States v. Olano,* 507 U.S. 725, 734–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). After considering the full record, we conclude that Vonn is unable to satisfy this burden. During Vonn's first appearance, and again at his arraignment, the magistrate judge advised Vonn that he had the right to counsel at all stages of the proceedings. On both occasions, Vonn affirmed that he had received and understood his rights. Furthermore, Vonn was accompanied by counsel at a status conference where the district court and the parties discussed the scheduling of his forthcoming trial. Given that he had previously been advised of his right to trial counsel, the presence of counsel during the scheduling colloquy would have confirmed Vonn's understanding that he would have counsel at trial. We presume that Vonn recalled at his plea colloquy the information gained during his initial appearance, arraignment and status conference. *See Vonn,* —— U.S. at ——, 122 S.Ct. at 1055 ("defendants may be presumed to recall information provided to them prior to the plea proceeding") (citing *Bousley v. United States,* 523 U.S. 614,

618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

 We also conclude that the district court did not commit plain error by failing to warn Vonn that statements he made during the change of plea hearing could be used against him in a future perjury prosecution. *See* Fed.R.Crim.P. 11(c)(5).[2] The record shows that Vonn's plea was voluntary, and the government did not initiate a perjury action against Vonn. Therefore, "[t]he [district] court's failure to warn [Vonn] of the possibility of a perjury prosecution did not cause him to suffer any prejudice or affect the voluntariness of his plea." *United States v. Conrad,* 598 F.2d 506, 509 (9th Cir.1979).

**AFFIRMED.**

---

1. In particular, the Supreme Court instructed us to consider the transcripts of Vonn's initial appearance and arraignment, which the government presented when requesting rehearing. *Vonn,* —— U.S. at ——, 122 S.Ct. at 1055. We therefore grant the government's Motion to Expand the Record.

2. We did not address this claim in our prior disposition because we found the district court's failure to advise Vonn of his right to counsel dispositive. *Vonn,* 224 F.3d at 1154 n. 1.