**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Bryon BEVIS, Defendant—Appellant.**

No. 01–30404.

D.C. No. CR–99–00134–RFC–01.

United States Court of Appeals,
Ninth Circuit.

Submitted April 29, 2002.*

Decided Sept. 16, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM **

Bryon Bevis appeals the district court's sentence and entry of judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Bevis argues that the district court erred under Federal Rule of Criminal Procedure 11(c)(1) & (3) by advising him of his right to have counsel assist him in preparing and presenting a defense, but not advising him of his general right to assistance of counsel at trial, and by failing to advise him of the nature of the charges to which his plea of guilty was offered. A defendant who lets a Rule 11 error pass without objection at the trial court stage must satisfy Rule 52(b)'s plain-error rule and show that the plain error affected his substantial rights. *United States v. Vonn*, —— U.S. ——, ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002); *see also United States v. Jimenez–Dominguez*, 296 F.3d 863, 866 (9th Cir.2002). In determining whether to notice a district court's violation of Fed.R.Crim.P. 11 this court "may consult the entire record, from the defendant's first appearance to his plea colloquy." *United States v. Vonn*, 294 F.3d 1093, 1093 (9th Cir.2002).

Bevis was advised of his right to counsel at his post indictment arraignment and acknowledged in his plea agreement that, if he proceeded to trial, he and his attorney would participate in jury selection and in the confrontation and examination of witnesses against him. Therefore, we pre-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sume that he was aware at his plea colloquy of his right to the continued assistance of counsel during his entire trial. *Vonn,* —— U.S. at ——, 122 S.Ct. at 1055.

Bevis admitted in the plea agreement and during the plea colloquy all the elements of the crimes to which he pleaded guilty. Moreover, the charges in the indictment are recited in paragraph 6 of the plea agreement, which Bevis signed the same day he entered his guilty plea. Again, we presume he recalled that information during his plea colloquy. *Id.*

Whether or not the colloquy was defective, therefore, Bevis has failed to prove a violation of his substantial rights.

AFFIRMED.