**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fidal BARRERA–FLORES,**
**Defendant—Appellant.**

**No. 02–10003.**
**D.C. No. CR–01–00077–HDM/RAM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.[*]

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM [**]

Fidal Barrera–Flores appeals his guilty plea conviction and 57–month sentence for unlawful reentry of a deported, removed, and/or excluded alien in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review for plain error, and we affirm. *See United States v. Vonn*, 294 F.3d 1093, 1093–94 (9th Cir.2002) (order).

Barrera–Flores contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) because the subsection only applies to "removed," not "deported," aliens. Barrera–Flores contends that because he pleaded guilty to being "deported," the maximum penalty is two years under 8 U.S.C. § 1326(a)(1). This contention fails. *See United States v. Lopez–Gonzalez*, 183 F.3d 933, 935 (9th Cir.1999) (concluding that "any distinction between deportation and removal is legally insignificant for purposes of § 1326").

In addition, Barrera–Flores contends that congressional changes to § 1326(b)(2) created a separate crime for which "removal" must be pleaded and proved beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention also fails. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–14 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (holding that § 1326(b)(2) as amended does not define a separate crime from § 1326(a)).

**AFFIRMED.**

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.