**UNITED STATES of America**
**Plaintiff—Appellee,**

v.

**Benita SINKA–IBARRA, aka Binita Simka, aka Benita I Sinka, Benita Kinka–Ibarra Defendant—Appellant.**

No. 02–10463.
D.C. No. CR–F–02–5178 REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Jan. 13, 2004.

tive assistance claim may be raised in habeas proceedings.

602

David L. Gappa, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Melody M. Walcott, FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before CUDAHY,* BEEZER and KLEINFELD, Circuit Judges.

### MEMORANDUM**

■■■ In reviewing the adequacy of a Rule 11 plea colloquy, we may examine any evidence in the record to determine whether the plea was voluntary. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Although the trial judge plainly erred in failing to ask whether Sinka–Ibarra's plea was free from coercion and threats, Sinka–Ibarra conceded that she "cannot maintain to this Court that she would have gone to trial had she known the consequences of her plea," and this is fatal to her claim. *See United States v. Kennell,* 15 F.3d 134, 136 (9th Cir.1994); *see also United States v. Minore,* 292 F.3d 1109, 1118 (9th Cir.2002). The trial judge also plainly erred in failing to advise her of the maximum penalties under the statute, the application of the Sentencing Guidelines, and the potential term of supervised release. However, we presume that she recalled at the plea colloquy being told during arraignment that the maximum penalty was 20 years and a fine of $250,000. *United States v. Vonn,* 294 F.3d 1093, 1094 (9th Cir.2002). The signed plea memorandum also said that the maximum sentence was 20 years followed by 3 years of supervised release and that the Guidelines would apply. Her sentence was below the maximum. These errors were therefore harmless. *See United States v. Rivera–Ramirez,* 715 F.2d 453, 458 (9th Cir.1983).

Careful attention to Rule 11's requirements is very important, and we discourage laxity in following them. However, because Sinka–Ibarra's substantial rights were not affected and she was not prejudiced by the errors in her plea colloquy, *Minore,* 292 F.3d at 1118, the district court's decision is

AFFIRMED.

---

\* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.