**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gregorio MIRANDA–MARTINEZ,
Defendant—Appellant.**

No. 04–10609.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2005.*

Decided July 14, 2005.

Michael Allen Lee, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Alex Gonzalez, Gonzalez & Smith, Mesa, AZ, for Defendant–Appellant.

---

Fed. R.App. P. 34(a)(2).

808

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gregorio Miranda–Martinez pleaded guilty to unlawful reentry after deportation, 8 U.S.C. § 1326(a). He contends on appeal that his conviction should be vacated because the district court failed to comply with Federal Rule of Criminal Procedure 11. We reject that contention and we affirm.

## DISCUSSION

Miranda–Martinez relies on *United States v. Vonn*, 224 F.3d 1152, 1156 (9th Cir.2000) (applying harmless error review). That decision, however, was vacated by *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), holding that a defendant who seeks relief for a Rule 11 violation must demonstrate plain error. The Supreme Court later clarified "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

Applying that standard, we conclude that no reversible error occurred. Miranda–Martinez does not argue he was prejudiced by the district court's omissions and no prejudice is apparent from the record. Rather, the record indicates that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Miranda–Martinez substantially reduced his sentence by pleading guilty. Moreover, the Government appeared to have a strong case on the dismissed counts and Miranda–Martinez appeared to have no reasonable defense. *See id.* at 2341. Accordingly, whatever Rule 11 violation occurred, it "made no difference to the outcome here." *Id.*

**AFFIRMED.**