**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30424 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05258-RBL-2 |
| v. | |
| LOMBARDO CEJA-GOMEZ, True Name, also known as Lumba also known as Roberto Tapia-Martinez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 3, 2009
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Lombardo Ceja-Gomez appeals his conviction following his guilty plea for

conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

841(b)(1)(A), and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Ceja-Gomez appeals his conviction based on deficiencies in his plea before the magistrate judge. During the change of plea hearing, the magistrate judge failed to inform Ceja-Gomez of the statutory penalties and did not explicitly inform Ceja-Gomez that he had the right to cross-examine witnesses at trial. We review Ceja-Gomez's challenge based on failure to comply with Federal Rule of Criminal Procedure 11 for plain error, as he did not move to withdraw his plea and raises the defects for the first time on appeal. United States v. Monzon, 429 F.3d 1268, 1271 (9th Cir. 2005). Ceja-Gomez contends that the Rule 11 errors affected his substantial rights. See U.S. v. Vonn, 535 U.S. 55, 59 (2002). We disagree.

The magistrate judge erred at the plea colloquy, but the record demonstrates that Ceja-Gomez's plea was voluntary and that it is not reasonably likely that he would have refrained from entering a guilty plea had the magistrate expressly stated the statutory penalties or informed Ceja-Gomez explicitly of his right to cross-examine witnesses at trial. See Dominguez Benitez, 542 U.S. 74, 83 (2004)

2

(holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").  The magistrate judge did neglect to inform Ceja-Gomez of the minimum and maximum statutory penalties and his right to confront witnesses at his change of plea hearing, but Ceja-Gomez's signed plea agreement—which he stated had been read to him and that he understood it—stated the statutory penalties, the rights he was giving up by foregoing a trial, and the elements of the crimes to which he was pleading.  Furthermore, Ceja-Gomez's ultimate sentence was well below the maximum sentence previously explained to him at his arraignment and detailed in the plea agreement he signed.  The errors in his plea colloquy were harmless.  See United States v. Vonn, 294 F.3d 1093, 1094 (9th Cir.2002).

Ceja-Gomez's contention that the magistrate judge failed to inform him of the elements of the charges he was pleading to is without merit, as the magistrate correctly stated the elements of the charges at the change of plea hearing.

**AFFIRMED.**