**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30272 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00228-MO-4 |
| v. | |
| ARTEMIO RAMIREZ-ARROYO, AKA Temo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 10, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Defendant Artemio Ramirez-Arroyo was indicted for conspiracy to

distribute and possess with intent to distribute methamphetamine, cocaine, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. After accepting his plea of guilty, the district court adjudged him guilty and sentenced him to a 240-month sentence with a five-year term of supervised release. Defendant appeals both his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant argues that his conviction and sentence should be reversed because the district court violated Rule 11 of the Federal Rules of Criminal Procedure when it failed to inform him during the plea colloquy of the nature of the charged offense and the maximum and minimum mandatory penalties that Defendant faced. We disagree.

Even if the district court violated Rule 11 and even if these violations affected Defendant's substantial rights and thus constitute plain error, Defendant has not shown that they affected the fairness, integrity, and public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 735-37 (1993). At his arraignment, the magistrate judge informed him of the maximum and minimum mandatory penalties. Defendant later affirmed that he had understood the magistrate judge's explanation. We presume that Defendant recalled that information at the plea colloquy. *See United States v. Vonn*, 294 F.3d 1093, 1094 (9th Cir. 2002). The plea agreement explained the nature of the charge and the

2

maximum and minimum mandatory penalties. During the plea colloquy, Defendant declared that he had gone over the plea agreement with his attorney, the agreement was translated for him, and he understood the terms. The court specifically called Defendant's attention to the paragraph of the plea agreement that contained the range of sentence and ascertained that Defendant understood it. On similar facts, we have concluded that the district court's Rule 11 error did not seriously affect the fairness, integrity, and public reputation of the judicial proceedings. *See United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002).

Defendant argues, in the alternative, that the case should be remanded for resentencing because the district court did not comply with Rule 32(i)(1) of the Federal Rules of Criminal Procedure when it failed to ensure at the sentencing hearing that Defendant read and reviewed the presentence report with his counsel. He claims that he was prejudiced because, had the district court complied with Rule 32, he would have prepared additional evidence showing that he was not responsible for the narcotics found in co-defendant Oscar Francisco Macias-Ovalle's home. We again disagree.

Although the district court violated Rule 32, the violation was harmless. Defendant agreed in his plea agreement that his conduct involved "at least 1,500

grams of actual methamphetamine." Based on that quantity of drugs alone (i.e., without taking the narcotics found in Macias-Ovalle's home into account), the applicable United States Sentencing Guidelines would have prescribed a base offense level of 38—the same base offense level recommended in the presentence report and adopted by the district court. *See* U.S.S.G. § 2D1.1(a)(5), (c)(1) (2010). Additionally, defense counsel filed objections to the presentence report, objections that were discussed in open court in Defendant's presence. Defendant did not convey that he was unfamiliar with the presentence report at the Rule 11 colloquy. Therefore, although the district court erred by failing to ask Defendant if he had read and reviewed the presentence report with his counsel, that error was harmless.

**AFFIRMED.**