NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10226 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00300-CRB-1 |
| v. | |
| MATTHEW WORTHING, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 14, 2020[**]
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District Judge.

Matthew Worthing entered a plea of guilty on two counts of bid-rigging at a real estate foreclosure sale and two counts of conspiracy to commit mail fraud.  He

_____

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

was sentenced to thirty days in prison followed by two years of supervised release. On appeal, Worthing contends that his guilty-plea is invalid, and the thirty-day sentence is procedurally and substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291. We dismiss in part pursuant to the enforceable appeal waiver contained in Worthing's plea agreement and affirm in part. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

The government requests that we dismiss the appeal in full because Worthing waived his right to appeal his conviction and his right to challenge a sentence within or below the stipulated Guidelines range. We review de novo whether Worthing has waived his right to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012). A waiver is enforceable if (1) "the waiver is knowingly and voluntarily made," and (2) "the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citation omitted).

Looking first to Worthing's waiver of his right to appeal the conviction, the "circumstances surrounding the signing and entry of the plea agreement" indicate Worthing "agreed to its terms knowingly and voluntarily." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Worthing's written plea agreement expressly stated that Worthing acknowledged and waived his right to appeal the conviction. Worthing signed his plea agreement, acknowledging he had read and

agreed to its terms. The district court inquired whether, and Worthing confirmed under oath that, he had read, discussed with his attorney, and understood the terms of his plea agreement. And Worthing confirmed that he had not been threatened or otherwise forced to enter the plea agreement. The broad language of the general appeal waiver encompasses Worthing's challenges to his conviction. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) ("We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea.").

Nevertheless, Worthing contends his appeal waiver is unenforceable because the district court failed to make several advisements required under Federal Rule of Criminal Procedure 11(b)(1). Although the "appeal waiver will not apply if . . . [Worthing's] guilty plea failed to comply with Fed. R. Crim. P. 11," *Watson*, 582 F.3d at 987 (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)), Worthing has failed to identify a Rule 11 error that invalidates his guilty plea, *see United States v. Escamilla-Rojas*, 640 F.3d 1055, 1060–61 (9th Cir. 2011). Worthing confirmed in district court that he understood the terms of his plea agreement. The district court asked the prosecutor to recite the maximum penalties, the essential elements of the charges, as well as the nature of the charges, and Worthing confirmed his understanding. The plea agreement, which Worthing signed, also recited the relevant information regarding restitution, special

3                                                                                     18-10226

assessments, and the nature of the charges. During the plea hearing, the district court directed Worthing to the pages of the plea agreement discussing the bases of the charges and confirmed that Worthing had fully reviewed and understood that information. On this record, there is no reversible error. *See United States v. Villalobos*, 333 F.3d 1070, 1074 (9th Cir. 2003) (error is harmless if record shows defendant "'was aware of the rights at issue when he entered his guilty plea' or that the district court's Rule 11 error was simply 'minor or technical'" (quoting *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir. 2002)); *see also United States v. Vonn*, 294 F.3d 1093, 1094 (9th Cir. 2002) (no plain error in failure to make Rule 11(b)(1)(A) advisement where government did not initiate perjury action against defendant and record showed plea was voluntary).

The record does not support Worthing's contention that the district court improperly interfered with plea negotiations in connection with his motion to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(c)(1).

Finally, although the district court failed to address the sentencing appeal waiver during the plea hearing as required by Rule 11(b)(1)(N), *see United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004), Worthing's sentence-related contentions fail on the merits. Worthing has not demonstrated that the district court committed plain error in its explanation of the sentence or consideration of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Valencia-Barragan*, 608

F.3d 1103, 1108 (9th Cir. 2010). The district court did not abuse its discretion by imposing the below Guidelines sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *See id.*

**DISMISSED, in part, and AFFIRMED.**